■ In the Matter of ROBERT CLINE, Appellant, v MARYELLEN CLINE, Respondent. [645 NYS2d 173] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered August 1, 1994, which partially denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior visitation order.

The parties are the parents of a child born in 1989. Their 1992 judgment of divorce by Supreme Court incorporated by reference a 1991 order of Family Court which, pursuant to stipulation by and between these parties, provided that custody of the child would be with respondent and that petitioner would exercise "temporary rights of visitation, upon the agreement of the parties". By petition dated November 4, 1992, petitioner requested Family Court to modify Supreme Court's judgment since they were unable to agree on a reasonable visitation schedule.*

From August 1993 until April 1994, a fact-finding hearing was conducted to address the issue of visitation. While such scheduling is never a preferred course, in this instance it aided petitioner since Family Court granted him temporary supervised visitation during the pendency of the case, gradually lessening the restrictions. The evidence ultimately revealed

---

* Petitioner specifically requested alternate holidays, alternate weekend visitation, alternating of the child's birthday, one month in the summer and an order prohibiting respondent from removing the child from the State without his permission.

that petitioner had long-standing personality disturbances, combined with the capacity for impulsive behavior and substance abuse for which he was currently in treatment. Notwithstanding this background, as well as the Probation Department's recommendation of supervised visitation, Family Court, considering the testimony of witnesses and petitioner's regular and consistent exercise of visitation without incident over the last 12 months, ordered, *inter alia*, unsupervised daytime visitation. Petitioner now appeals, contending that the award of daytime visitation was overly restrictive and not supported by the weight of the evidence. We disagree.

It is well settled that in determining the best interest of a child, a court must review the totality of the circumstances (*see, Eschbach v Eschbach*, 56 NY2d 167; *Friederwitzer v Friederwitzer*, 55 NY2d 89), fully recognizing "how valuable the mature guiding hand and love of a second parent is to a child" (*Matter of Stewart v Stewart*, 222 AD2d 895). Deference is traditionally given to the findings of fact made by Family Court since it is accorded the unique opportunity to assess the credibility of the witnesses before it (*see, Eschbach v Eschbach, supra; Matter of Powers v Powers*, 201 AD2d 838). These findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see, Matter of Daniel R. v Noel R.*, 195 AD2d 704; *Matter of Young v Hasselman*, 188 AD2d 891; *Matter of Gitchell v Gitchell*, 165 AD2d 890). Upon our full review, we conclude that there was a sufficient basis for Family Court to impose the daytime restriction on visitation (*cf., Matter of Stewart v Stewart, supra*).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.