■ In the Matter of SUSAN GG., Appellant-Respondent, v JAMES HH., Respondent-Appellant. [664 NYS2d 657] —Carpinello, J. Cross appeals from an order of the Family Court of Broome

County (Farley, J.H.O.), entered May 9, 1996, which, *inter alia*, in a proceeding pursuant to Family Court Act article 6, awarded physical custody of the parties' children to petitioner.

After a prolonged hearing, Family Court awarded the parties joint custody of their three children, Alicia (born in 1988), Veronica (born in 1990) and Doris (born in 1992), with petitioner to have physical custody and respondent to have unsupervised visitation. Petitioner claims that "the parties are clearly so antagonistic" as to make the award of joint custody inappropriate. She further claims that respondent is a threat to the children and that, until he completes a sex offender treatment program, all visitation should be supervised. Ironically, it took petitioner an entire year to perfect this appeal. Respondent and the Law Guardian disagree, claiming that both joint custody and unsupervised visitation serve the best interest of the children.

The facts as developed at the hearing in this matter can only be described as disturbing. Neither party has been an appropriate parent to these young girls. In April 1994, it was confirmed that Alicia had been sexually abused at some unknown time in the past. Despite recommendations that each child obtain counseling, no action was taken by either parent. In February 1995, petitioner, without notice to respondent or the children, left the marital residence to be with another man; the traumatic effect her departure had on the children is manifest.

In May 1995, the Broome County Department of Social Services (hereinafter the Department) indicated a report of inadequate guardianship and sexual abuse against respondent with respect to all three children.* The report was a result of respondent's inappropriate interactions with the children, including bathing with them. No formal proceedings were initiated by the Department as a result of this report. On October 20, 1995, a medical examination conclusively established that Doris had been sexually abused during a time period when she had been with both of her parents. The perpetrator of this offense is still unknown. On November 9, 1995, Family Court (Ray, J.) placed the children with their paternal aunt and denied both parties any contact with them.

While the party responsible for the sexual abuse of these two children is unknown, each parent blames the other. If sexual abuse allegations had in fact been established against either parent, particularly respondent, we would agree with petition-

---

* An indicated report is one which, upon investigation, is found to be supported by some credible evidence (*see*, Social Services Law § 412 [12]).

er's contention that joint custody and unsupervised visitation are inappropriate (*see generally, Matter of Linda P. v Thomas P.*, 240 AD2d 583). Although this Court's authority in custody matters is as broad as that of Family Court (*see, Matter of Louise E. S. v Stephen S.*, 64 NY2d 946, 947), for the reasons that follow we find ourselves constrained to sustain portions of its determination.

First, with respect to the issue of joint custody, the only evidence in the record to establish that these parties are so "embittered and embattled" to preclude such an arrangement was that of petitioner (*see generally, Braiman v Braiman*, 44 NY2d 584, 589-590; *Matter of Griffen v Evans*, 235 AD2d 720, 722). Without detail or elaboration, she testified that she would be unable to communicate with respondent regarding the children without a third party being present. While each party took considerable efforts during the trial to discredit the other, practically all of this testimony related to casting aspersions about the parties' relationship during the marriage and had little to do with child-rearing issues. In analyzing what custody arrangement would be in the children's best interest (*see, Eschbach v Eschbach*, 56 NY2d 167, 171), we cannot ignore that each parent has proven to be of questionable fitness and has demonstrated equally poor past performances in the rearing of their children (*see, Matter of Guadagno v Guadagno*, 235 AD2d 854 [parent's past performance and relative fitness and ability to provide for and guide children's development are factors to be taken into consideration in fashioning custody award]).

Both parties ignored signs that Alicia had been sexually abused and failed to obtain counseling recommended for the children. Although petitioner left her family in February 1995 because of respondent's violent and threatening tendencies, she voluntarily relinquished physical custody of the children by signing a separation agreement that permanently placed them in his care, allocating to herself a mere two weeks of yearly visitation. Her claim that she never read the separation agreement before signing it and that she understood it to give her biweekly weekend visitation was seriously undermined during the hearing. Respondent, on the other hand, was violent and controlling toward petitioner during their marriage and abused alcohol. Moreover, he engaged in conduct with the children that was highly inappropriate and unquestionably reflected poor judgment. In light of each party's demonstrated parental weaknesses and the lack of any evidence that they are incapable of putting aside personal differences on issues relating to the children, joint custody was the only option left to Family Court.

The far more difficult issue is whether respondent's visitation should be unsupervised. The record contains troubling evidence of inappropriate contact between respondent and his daughters. Significantly, the Department never took steps to remove any of the children from respondent's care nor were criminal charges ever lodged against him. Because there was insufficient proof of sexual abuse by respondent (*see, Matter of Krywanczyk v Krywanczyk*, 236 AD2d 746, 747; *Matter of Karpensky v Karpensky*, 235 AD2d 594, 595-596; *cf., Matter of Tracy V. v Donald W.*, 220 AD2d 888; *Matter of Alan YY. v Laura ZZ.*, 209 AD2d 902, *lv denied* 85 NY2d 806) or that unsupervised visitation would have a detrimental impact on the children (*see, Matter of Rauschmeier v Rauschmeier*, 237 AD2d 702, 703), we cannot say that Family Court abused its discretion in awarding unsupervised visitation.

Nonetheless, in order to adequately protect these children, we find that the conditions imposed by Family Court are inadequate and require modification. As conditions to custody and visitation, both parties were ordered to attend counseling concerning the sexual abuse of children and respondent was ordered to attend alcohol abuse counseling. The Department was granted supervision of the parties' homes for a period of one year and both parties were ordered to follow through with any further counseling or therapy recommended by the Department either for themselves or the children. In our view, under the particular circumstances of this case these conditions should have been imposed for a five-year period. In addition to granting the Department supervision of the parties' homes for this period of time, we further order that the Department report to Family Court concerning the status of the parties, particularly the children, at a minimum of every six months.

We have reviewed the contention on respondent's cross appeal and reject it.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the facts, without costs, and matter remitted to the Family Court of Broome County to impose conditions consistent with this Court's decision.