■ In the Matter of PASCUAL ACOSTA, Respondent, v MARIA L. ACOSTA, Appellant. [687 NYS2d 414] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Friedenberg, J.), entered January 21, 1998, which granted custody of the infant child to the father.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination on the issue of custody, in accordance herewith, to be held with all convenient speed; and it is further,

Ordered that pending the new determination, custody of the infant child shall remain with the father.

In adjudicating custody rights the most important factor to be considered is the best interests of the child (*see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Cline v Cline,* 229 AD2d 671). The general rule is that custody determinations are ordinarily a matter of discretion for the hearing court (*see, Gage v Gage,* 167 AD2d 332). However, the authority of this Court is as broad as that of the hearing court (*see, Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946), and a custody determination should be set aside if it lacks a sound and substantial basis in the record (*see, Matter of Sullivan v Sullivan,* 190 AD2d 852; *Alfano v Alfano,* 151 AD2d 530).

In this case the Family Court heard conflicting testimony from the mother and father, but there was no testimony from any expert witnesses, nor was a law guardian appointed. The

court found that the father "ha[d] been a concerned parent since the child's birth", and transferred custody to him, despite the fact that the record appears to support the mother's claim that she has been the primary caretaker since the child was born in December 1994. We further note that the court also concluded that "both parents have been involved in the continuing * * * use of drugs". However, there is no support in the record for such a conclusion with respect to the mother, whereas there was evidence of the father's continued substance abuse.

In light of these circumstances, we find that a new custody hearing is warranted and that a law guardian should be appointed in order to recommend custody alternatives for the court's consideration and advocate for the child in the proceeding (*see, Vecchiarelli v Vecchiarelli,* 238 AD2d 411; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113). In the interim, since the father has demonstrated that he loves and cares for his child, and in the interest of maintaining stability in this young child's life, custody shall remain with the father pending the new determination. We stress that our decision herein should not be interpreted as in any way indicative of the outcome of the new custody hearing. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.