■ In the Matter of KYLE M. FISH, Respondent, v MARIANNE MANNING, Appellant. [753 NYS2d 164] —Carpinello, J. Appeal

from an order of the Family Court of Albany County (Tobin, J.), entered October 2, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

The parties, now divorced, have joint custody of their only child, a son born in 1995. Although petitioner originally enjoyed ample periods of custodial visitation with the child following the parties' separation and subsequent divorce, transgressions on his part, including his violation of a prior court order prohibiting an unrelated adult from staying overnight in his home during custodial visitation and evidence that he downloaded pornographic material while the parties were still married, resulted in a March 2000 order modifying visitation. Specifically, visitation was reduced to designated time periods on the weekend and was to be supervised by respondent or someone that she trusted at her home or some other location agreed to by the parties.[1] In December 2000, petitioner moved to modify this order on the ground that respondent refused to permit any visitation outside her apartment and that the manner in which she supervised visitation was intentionally causing estrangement between himself and his son. Following a hearing, Family Court found that a change of circumstances warranted modification, namely, respondent's unreasonable refusal to consent to visits outside her home and "ample evidence that respondent has sought, albeit unsuccessfully, to interfere with the relationship between father and son in an effort to cause an estrangement." The court modified visitation by permitting unsupervised visitation in a public place one day a week. Respondent appeals.

Family Court's determination to modify visitation on the ground that petitioner made a sufficient showing of a change in circumstances has a sound and substantial basis in the record, promoting the best interest of the child (see e.g. Matter of Nicole VV., 296 AD2d 608, 611, lv denied 98 NY2d 616; Matter of Simpson v Simrell, 296 AD2d 621; Matter of Kryvanis v Kruty, 288 AD2d 771, 772; Matter of Cline v Cline, 229 AD2d 671, 672); thus, it will not be disturbed by this Court.[2] Petitioner sufficiently proved that respondent's conduct during the supervised visitations—she literally followed petitioner and the child from room to room, remained within 8 to 10 feet of them at nearly all times and tended to any disciplinary issues

---

1. Although Supreme Court (Teresi, J.) severely modified visitation, it did not see fit to grant respondent's request for sole legal custody.

2. On appeal, the Law Guardian concedes that Family Court's decision is supported by the evidence.

that arose or requests for food or drink by the child—most assuredly interfered with any meaningful father-son relationship and served only to cause estrangement between them, which was certainly not in the child's best interest.[3] The record further reveals that she would not permit any visits to take place outside the confines of her apartment for unfounded and unjustified reasons, even though the prior order permitted visitation at any location agreed to by the parties. Moreover, we are satisfied that whatever perceived harm may have precipitated the limitations in the prior order of visitation was taken into consideration by Family Court, as that court imposed daytime visitation in a public place (*see Matter of Kruty v Manell*, 248 AD2d 809, 810-811; *Matter of Cline v Cline, supra* at 672). Respondent's remaining contentions have been considered and rejected as without merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** Telling evidence of respondent's state of mind vis-à-vis the child's relationship with petitioner and her subtle efforts to cause estrangement between them is the fact that she considered changing the child's surname from Fish (petitioner's last name) to Manning (her last name) without consulting petitioner. When asked why she had not actually pursued this, respondent responded, "Because *right now* Kyle's his dad and the birth certificate says Michael Fish" (emphasis added) (*compare Matter of Betancourt v Boughton*, 204 AD2d 804).