In the Matter of FRANCESCA CARTER, Respondent, v DAVID J. JAMES, Appellant. (And Another Related Proceeding.) [771 NYS2d 741]—

Carpinello, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered January 18, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the unwed parents of a son born in March 2001. When the child was approximately five months old, respondent assaulted petitioner after an afternoon of drinking by both parties. Petitioner was treated for a bloody nose and black eye following the altercation, but not before she smashed respondent's windshield with a shovel. Three children, including the subject child, were asleep in the parties' apartment when this incident occurred and the two older children, aroused by the noise, sought assistance from a neighbor.

Respondent was arrested and jailed as a result of the assault and remained incarcerated as of a January 11, 2002 hearing on family offense and custody petitions filed by petitioner. Following this hearing, Family Court rendered an oral decision from the bench granting sole custody of the child to petitioner. With

respect to visitation, the court granted respondent supervised visitation while incarcerated and "reasonable visitation upon notice to [petitioner]" upon his release. However, in a subsequent written decision on the matter, the court denied respondent all visitation during his incarceration and granted him supervised visitation only upon his release. No explanation is given for this changed ruling.

On appeal, respondent, who is no longer incarcerated, argues that Family Court erred in limiting him to supervised visitation.* The record reveals that respondent had been an appropriate and active parent to the child since his birth and that petitioner, although requesting sole custody, did not object to visitation. Although petitioner understandably wanted no contact herself with respondent because of his abusive conduct toward her, she expressed no concern for the child's well-being or safety while in his presence. Moreover, no evidence was offered demonstrating that unsupervised visitation would be inimical to the child's welfare (*see e.g. Matter of Susan GG. v James HH.*, 244 AD2d 731, 734 [1997]; *Matter of Rauschmeier v Rauschmeier*, 237 AD2d 702, 703 [1997]; *Valenza v Valenza*, 143 AD2d 860, 862 [1988]).

Thus, while respondent's assaultive conduct toward petitioner most assuredly warranted Family Court to issue an order of protection against him, the more difficult issue concerned whether supervised visitation outside the jail setting was in the child's best interest (*see e.g. Matter of Custer v Slater*, 2 AD3d 1227, 1228 [2003]; *Matter of Simpson v Simrell*, 296 AD2d 621 [2002]; *Matter of Khan v Khan*, 236 AD2d 612 [1997]). On this critical issue, we are confronted by seemingly inconsistent decisions from the court. Given the significant competing rights involved, namely, a noncustodial parent's right to visitation and a child's right to be protected from a potentially harmful parent (*see Valenza v Valenza, supra* at 862), prudence dictates that the matter be remitted to Family Court for clarification of its decision on visitation especially in light of the considerable lapse of time since the order appealed from.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded respondent supervised visitation; matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Petitioner has not filed a brief on appeal.