■ In the Matter of WENDY JOHNSON, Appellant, v RICHARD JOHNSON, Respondent. (And Another Related Proceeding.) [785 NYS2d 353]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 9, 2003, which, inter alia, partially dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties have four children; the instant proceeding, however, concerns only their youngest, now two years old. Petitioner claims that Family Court abused its discretion in awarding respondent unsupervised visitation with this child. As the record does not support this contention, we affirm.

At a hearing on the matter, petitioner set forth general concerns about unsupervised visitation between respondent and their youngest child, none of which was supported by competent evidence or sufficient to establish that unsupervised visitation would be inimical to the child's welfare (see Matter of Carter v James, 4 AD3d 640, 641 [2004]; Matter of Susan GG. v James HH., 244 AD2d 731, 734 [1997]). Significantly, no evidence was offered establishing any inappropriate contact between respon-

dent and any of the children, particularly the youngest (*compare Matter of Susan GG. v James HH., supra*), or that respondent's mental health rendered him unsuitable to exercise unsupervised visitation (*compare Matter of Fisk v Fisk*, 274 AD2d 691 [2000]). To the contrary, a Child Care Council employee who supervised weekly visitations between respondent and the subject child testified that all contact between them was appropriate and positive and that the visits had "gone well."

Moreover, respondent has exercised frequent and regular unsupervised visitation with the three eldest children (currently ages six, seven and nine) without any significant problems or genuine concerns for their well-being. Said differently, no steps have been taken to limit or suspend respondent's visitation with these children out of concern for their safety and welfare. In these circumstances, we discern no abuse of discretion in awarding unsupervised visitation with the youngest child (*see e.g. Matter of Fish v Manning*, 300 AD2d 932, 933 [2002]; *Matter of Frize v Frize*, 266 AD2d 753, 757 [1999]; *Matter of Susan GG. v James HH., supra*).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.