◼ In the Matter of MARK P., Respondent, v JAMIE Q., Appellant. [881 NYS2d 731]—

Rose, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered February 20, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the parents of a daughter born in 2000. In 2005, respondent (hereinafter the mother) petitioned for sole custody based upon her allegation that petitioner (hereinafter the father) had sexually abused the daughter. After a hearing in June 2006, and without making a finding on the record as to whether the alleged sexual abuse had occurred, Family Court granted the mother sole custody and directed that the father have only supervised weekly visitation. In September 2006, the father petitioned for modification of that custody order to permit him to have unsupervised weekly visitation based upon his allegation that he had been found innocent of all charges relating to the reported sexual abuse. When the mother moved for dismissal of the petition for its failure to allege a sufficient change in circumstances, Family Court denied the motion. After fact-finding and *Lincoln* hearings, the court found a change of circumstances and granted the father gradually increasing unsupervised visitation. The mother now appeals.

Initially, we are unpersuaded that Family Court erred in denying the mother's motion to dismiss the petition. To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances that, if established at an evidentiary hearing, could afford a basis for modification in the child's best interests (*see Matter of Perry v Perry*, 52 AD3d 906, 906 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Witherow v Bloomingdale*, 40 AD3d 1203, 1204 [2007]). Since Family Court restricted the father's visitation based upon a suspected risk to the child, we agree with the court that evidence showing that the hotline report was unfounded or expunged would establish a sufficient change in circumstances (*see Matter of Witherow v Bloomingdale*, 40 AD3d at 1204; *Matter of Williams v Mullineaux*, 271 AD2d 869, 870 [2000]).

Ultimately, however, Family Court based its finding of a change in circumstances upon the determination that the father

had reestablished a meaningful relationship with the daughter, that she benefits from her visitation with him and that the mother refuses to work with him to facilitate additional contact. In addition, despite the mother's view that the father has nothing to offer the daughter and the reservations about unsupervised visitation voiced by two witnesses who had counseled the father and daughter, the agency which supervised the past visitation and the child's Law Guardian each favored the transition to unsupervised visitation. As there is a sound and substantial basis in the record supporting Family Court's grant of gradually increasing unsupervised visitation, its exercise of discretion will not be disturbed (*see Matter of Roe v Roe,* 33 AD3d 1152, 1155 [2006]; *Matter of Johnson v Johnson,* 13 AD3d 678, 679 [2004]; *Matter of Susan GG. v James HH.,* 244 AD2d 731, 734 [1997]).

Finally, to the extent that the father argues that Family Court improperly delegated its authority by making further expansion of his visitation subject to agreement between the daughter's counselor and the parties, his argument is not properly before us because he took no appeal from Family Court's order (*see* Family Ct Act § 1113; *Matter of Sanders v Slater,* 53 AD3d 716, 717 n [2008]).

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.