■ In the Matter of ANNE TERWILLIGER, Respondent, v CALLY JUBIE, Appellant. [924 NYS2d 180]—

Mercure, J.P. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered June 23, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner is the paternal grandmother and respondent is the mother of the subject child (born in 2004). After the child's father died, the grandmother applied for visitation pursuant to Domestic Relations Law § 72 (1), and Family Court granted her therapeutic, supervised visitation once a month. She sought to modify that order after the counselor who oversaw the visitation, Kenneth Russell, opined that therapeutic visitation was no longer needed. Family Court conducted a hearing, following which it directed unsupervised visitation and increased the

amount of visitation to four hours a week. The mother appeals and we now affirm.

Initially, we reject the contention of the attorney for the child that the present appeal is moot due to the issuance of a subsequent consent order that temporarily reimposed supervised visitation with the goal of facilitating implementation of the order on appeal. The consent order has since expired by its own terms. Thus, resolution of this appeal will have "immediate, practical consequences for the parties," and the matter is not moot (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 812 [2003], *cert denied* 540 US 1017 [2003]; *accord Matter of Kirk V.*, 5 NY3d 840, 842 [2005]).

Turning to the merits, a court considering an application to modify a grandparent visitation order "look[s] first at whether there has been a change of circumstances," and the mother concedes that such a change has occurred here (*Matter of Johnson v Zides*, 57 AD3d 1318, 1319 [2008]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]). The only question before us, then, is whether Family Court properly exercised its discretion in determining the visitation schedule that would be in the best interests of the child (*see Matter of Braswell v Braswell*, 80 AD3d 827, 830-831 [2011]; *Matter of Johnson v Zides*, 57 AD3d at 1319).

It is undisputed that the child enjoys visiting with the grandmother and that the interaction between them has improved significantly over time. As such, Russell opined that unsupervised visitation and an increase in the amount of visitation would be appropriate. The mother complains that Family Court disregarded Russell's suggestion that the grandmother have assistance during visitation due to her age and alleged mobility issues. Russell admitted, however, that the grandmother may not need that assistance, and she testified that she had no mobility problems and cared for her other grandchildren without help. According deference to Family Court's factual findings, we find the grant of unsupervised visitation to be supported by a sound and substantial basis in the record and will not disturb it (*see Linda R. v Ari Z.*, 71 AD3d 465, 465-466 [2010]; *Matter of Mark P. v Jamie Q.*, 64 AD3d 921, 922-923 [2009], *lv denied* 13 NY3d 706 [2009]).

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.