■ In the Matter of CASSANDRA MAY D'ANGELO, Respondent, v GONZALO LOPEZ, Appellant. (And Three Other Related Proceedings.) [942 NYS2d 662]—

McCarthy, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered January 26, 2011, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2004). Although the child originally lived with the mother, in an October 2008 order, entered on consent, the parties agreed to share joint legal custody of the child, with sole physical custody to the father, and the mother having supervised visitation time. As relevant herein, that order provided that the person supervising visitation would be "a third party to be agreed upon by the parties." Thereafter, the father's live-in girlfriend, Brittany Barr, began supervising visitation and, while it appears that this arrangement originally operated relatively smoothly, problems arose after the father and Barr would only agree to bring the child to supervised visitation at fast food restaurants and playgrounds where Barr's friends would also attend with their children. According to the mother, in this hectic and distracting atmosphere, it was difficult for her to hold the child's attention for any length of time so as to have meaningful visitation. After the mother's request for a different supervisor was denied, she filed a petition, subsequently amended, seeking to modify the October 2008 order to the extent that it would provide for visitation at her home under the supervision of either of two named friends. The parties then filed cross petitions seeking full custody, and the mother also filed a violation petition. Following a hearing, Family Court granted the mother's request for a modification of the October 2008 order with respect to super-

vised visitation and dismissed all remaining petitions. The father appeals.[1]

We affirm. " 'As with custody, an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child' " (*Matter of Bunger v Barry*, 88 AD3d 1082, 1082 [2011], quoting *Matter of Taylor v Fry*, 63 AD3d 1217, 1218 [2009]). Here, while Family Court did not elaborate as to the basis of its threshold finding that a change of circumstances has been presented, our independent review confirms the appropriateness of that ruling (*see Matter of White v Cicerone*, 80 AD3d 1102, 1103 [2011], *lv denied* 16 NY3d 711 [2011]). Aside from the obvious difficulties presented by the parties' disagreement over the choice of supervisor and location for visitation, the proof showed a necessity for change by reason of, among other things, the chaotic atmosphere of the visits where the child was often forced to choose between spending time with the mother or Barr and her friends' children and the fact that the child began acting out and displaying anger over, among other things, issues related to that visitation.

The child's best interests will be advanced by the relatively minor change in the supervised visitation order. Not only did the child's own counselor concede that there was a potential conflict of interest with Barr as supervisor in close proximity to the child, but the record confirms that the constant presence of Barr—a person that the child considered to be a parent figure—created loyalty conflicts that only served to create greater distance between the mother and child (*see generally Matter of Fish v Manning*, 300 AD2d 932 [2002]).[2] As for the choice of alternative supervisors, the court aptly noted that the father articulated no problems with either individual, nor was any proof presented indicating that the proposed supervisors would be unable to ensure the child's safety in the mother's home during visitation. Thus, upon review of all the testimony and proof, and deferring to Family Court's credibility determinations (*see Matter of Terwilliger v Jubie*, 84 AD3d 1520, 1521 [2011]), the determination that a modification to the supervised visitation order was in the child's best interests has a sound basis in the record (*see Matter of Fish v Manning*, 300 AD2d at 933).

---

**1.** Inasmuch as the father's brief addresses only the modification to the October 2008 order pertaining to supervised visitation, any remaining arguments with respect to Family Court's order are deemed abandoned (*see Matter of Timothy N. v Gwendolyn N.*, 92 AD3d 1155, 1156 n [2012]).

**2.** One witness testified that, during one visit, the child spent 25 minutes with her head in Barr's lap before she would even acknowledge or respond to the mother's attempts to engage her interest.

Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.