Spain, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 10, 2012, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties are the parents of two sons (born in 1998 and 2005). In September 2010, custody was temporarily transferred from petitioner (hereinafter the mother) to respondent (hereinafter the father) due to the mother’s erratic and violent behavior, as well as substance abuse and mental health concerns. Pursuant to an order issued in May 2011 following a hearing, custody was transferred to the father, and the mother was granted supervised visitation with the children on a weekly basis and additional visitation as agreed to by the parties (see Matter of Fish v Fish, 100 AD3d 1049 [2012]). In August 2011, the mother commenced this proceeding seeking modification of that custody and visitation order. Following a hearing held in April 2012, Family Court found that the mother failed to establish a change in circumstances warranting modification of the prior order and dismissed the petition. The mother now appeals.
The proponent of a modification of custody or visitation petition must “demonstrate ‘a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child’ ” (Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012], quoting Matter of D’Angelo v Lopez, 94 AD3d 1261, 1262 [2012]). Although the mother apparently completed a substance abuse program, there was no testimony from her treatment provider regarding her participation in the program, even though her treatment records were admitted into evidence. There was also no medical testimony or evidence that the mother received treatment or counseling to address her mental health problems, although the mother testified that she completed six months of mental health therapy. The testimony of the maternal grandmother and the parent aide who supervises the mother’s visits with the children established only that they had observed the mother act appropriately with the children during her visits. Inasmuch as the mother’s proof fell short of establishing the requisite change in circumstances to warrant a *1162 change in custody, we discern no basis upon which to disturb that aspect of the order (see Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]; Matter of Kerwin v Kerwin, 39 AD3d 950, 951 [2007]).
The mother also argues on appeal that Family Court’s continuation of once-weekly one-hour supervised visitation at the Family and Children’s Society lacks a sound and substantial basis in the record. Although the prior (May 2011) order specifically allowed “such other, further and different visitation if both parties shall agree,” at the hearing it was established that the father permitted only two unsupervised visits in early 2011 at the mother’s home, in the presence of other family members. In his testimony, the father expressed some concerns and requested certain conditions, but did not oppose unsupervised visitation, and indicated that the older son had a cell phone to communicate with both parents; the father also acknowledged that the children were neither upset nor negatively affected by those visits. Although requested by the mother, there was no Lincoln hearing with the boys, then ages 7 and 14, and the attorney for the child advocated strongly in favor of increased unsupervised visitation, as he now urges on appeal.
In its order dismissing the mother’s modification petition, Family Court did not address the necessity or justification for continuing the current visitation arrangement or make any findings that the once-weekly highly restrictive supervised visitation continued to be in the children’s best interests or “that unsupervised visitation would be inimical to the child[ren]’s welfare” (Matter of Johnson v Johnson, 13 AD3d 678, 678 [2004]; see Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1397 [2012], lv denied 20 NY3d 860 [2013]; Matter of Carter v James, 4 AD3d 640, 641 [2004]). While finding that the two unsupervised visits agreed to by the father had occurred “without adverse impact on the children,” the court in its order merely “advise[d] him to make further efforts to allow the boys some additional contact with their mother beyond her weekly visits ... as long as he is confident that the visits will be attended by others who would be protective of the children” (emphasis added).
However, both the children and the noncustodial parent have a right to meaningful visitation (see Matter of Tropea v Tropea, 87 NY2d 727, 738 [1996]). “[I]n providing for visitation that will be meaningful, the frequency, regularity and quality of the visits must be considered [and] [e]xpanded visitation is generally favorable absent proof that such visitation is inimical to a child’s welfare” (Szemansco v Szemansco, 296 AD2d 686, 687 *1163 [2002] [internal quotation marks and citations omitted]; see Valenza v Valenza, 143 AD2d 860, 862 [1988]). While Family Court’s best interests determination in visitation matters is ordinarily accorded great deference (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]), the court’s consideration of numerous important factors is not apparent here. These include the children’s ages, needs and wishes; the mother’s progress with substance abuse treatment; the availability of adding supervised time or of additional supervisors of visitation, including family members; the passage of a great length of time with only highly restricted and limited supervised visits (since May 2011, at least); the fact that the visitation facility did not allow the children’s siblings (i.e., the mother’s infant born in June 2011 and adult daughter) or maternal family to attend; the father allowed only two unsupervised visits; the possibility of attaching conditions to unsupervised visitation; and the fact that the mother had been assessed as not posing a risk to herself or others in her treatment. The foregoing factors, among others, represent a change in circumstances requiring, at the least, a reassessment of the existing visitation restrictions; however, on this record and in the absence of further findings by Family Court, we are limited in our independent ability to determine whether there is a genuine need to modify visitation to ensure the best interests of the children, that is, that the children would be well served by additional and/or unsupervised visitation (see Matter of Poremba v Poremba, 93 AD3d 1115, 1116 [2012]; Matter of Bunger v Barry, 88 AD3d 1082, 1082 [2011]).
Moreover, Family Court erred in “delegat[ing] its authority to determine visitation to ... a parent” (Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012] [internal quotation marks and citation omitted]; see Matter of Nicolette I. [Leslie I.], 110 AD3d 1250, 1255 [2013]; Matter of Mackenzie V. v Patrice V., 74 AD3d 1406, 1407 [2010]; Matter of Millett v Millett, 270 AD2d 520, 522 [2000]). “Given the significant competing rights involved, namely, a noncustodial parent’s right to visitation and [the] [child[ren]’s right to be protected from a potentially harmful parent” (Matter of Carter v James, 4 AD3d at 641 [citation omitted]), which we are unable to resolve on this record, and particularly given the protracted passage of time since this April 2012 hearing and order, we remit to Family Court for clarification or reconsideration, as it deems appropriate, of its decision on the scope of the mother’s visitation.
Rose, J.E, Garry and Egan Jr., JJ, concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to *1164 modify visitation; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision and, pending said proceedings, the visitation terms of the April 10, 2012 order, including supervised visitation, shall remain in effect as a temporary order until further order of the Family Court regarding visitation; and, as so modified, affirmed.