## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: January 7, 2016        520151
_____

In the Matter of JILLIAN R.
   CARR,
               Appellant,

     v

KANE A. STEBBINS,
               Respondent.

(Proceeding No. 1.)                     MEMORANDUM AND ORDER
_____

In the Matter of KANE A.
   STEBBINS,
               Respondent,

     v

JILLIAN R. CARR,
               Appellant.

(Proceeding No. 2.)
_____

Calendar Date: November 19, 2015

Before: Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
        Devine, JJ.

_____

    Abbie Goldbas, Utica, for appellant.

    Kane A. Stebbins, Lawrenceville, Pennsylvania, respondent
pro se.

    Pamela Doyle Gee, Big Flats, attorney for the child.

_____

Devine, J.

Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered October 28, 2014, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Jillian R. Carr (hereinafter the mother) and Kane A. Stebbins (hereinafter the father) are the parents of a son born in 2011. A 2012 order granted joint custody and primary placement with the mother and allowed the father to have visitation on two weeknights and for six hours on Saturday (Matter of Carr v Stebbins, 123 AD3d 1164, 1164 [2014]). The mother filed a petition in July 2013 seeking to modify the order and reduce the amount of visitation, citing inconsistencies in the father's exercise of ordered visitation. The father responded in February 2014 with an application to permit overnight visitation. Family Court issued a temporary order that permitted the father to exercise overnight visitation on alternate weekends. A trial ensued and, at the close of the mother's proof, Family Court granted the father's motion to dismiss her modification petition. Further proof was presented on the father's petition and, after the trial ended, Family Court modified the terms of the order to allow overnight visitation on alternate weekends and to establish a holiday visitation schedule. The mother now appeals.

We affirm. In order to obtain modification of an existing visitation arrangement, "a party must demonstrate a change in circumstances that necessitates a modification to ensure the best interests of the child[]" (Matter of Sparbanie v Redder, 130 AD3d 1172, 1172 [2015]; see Matter of D'Angelo v Lopez, 94 AD3d 1261, 1262 [2012]). Family Court failed to explicitly find that a sufficient change in circumstances had occurred, but "our independent review" of the record allows us to make that finding (Matter of D'Angelo v Lopez, 94 AD3d at 1262). The record shows, among other things, that the father has a variable work schedule that has disrupted his weeknight visitation, and the parties have been unable to meaningfully communicate to resolve that problem. In our view, the foregoing constituted a sufficient change in

circumstances to assess whether modification of the order would be in the best interests of the child (see Matter of Bjork v Bjork, 58 AD3d 951, 953 [2009], lv denied 12 NY3d 708 [2009]).

As for the best interests issue, the father presented testimony showing that he enjoys a good relationship with the child and that the overnight visits directed in the temporary order had gone well, a point confirmed by the attorney for the child. The father gave no reason to be concerned as to the living arrangements at his residence, indicating that he recently moved to a nearby home in Pennsylvania with his girlfriend and their son and that the child has his own bed in a room he shares with his half brother. The father further indicated that, aside from allowing him to enjoy more uninterrupted time with the child, weekend visitation would allow the child to develop a relationship with his half sisters, who also visit every other weekend. The attorneys for the child before Family Court and upon this appeal have also argued that an award of overnight weekend visitation is appropriate. The mother disagreed and painted a starkly different portrait of the interactions between the father and the child, but Family Court declined to give any weight to her unsubstantiated allegations, and we will accord due deference to its assessment of credibility (see Matter of Jelenic v Jelenic, 262 AD2d 676, 677-678 [1999]). Thus, a sound and substantial basis in the record supports the modification in the terms of visitation between the father and the child (see Matter of Swett v Balcom, 64 AD3d 934, 934 [2009], lv denied 13 NY3d 710 [2009]; compare Matter of Klee v Schill, 95 AD3d 1599, 1600-1602 [2012]).

The remaining contentions of the mother are unpreserved for our review and, in any event, to the extent that they have any merit, constitute nothing more than harmless error (see Matter of Jones v Moore, 129 AD3d 1400, 1402 [2015]; Matter of Andracchi v Reetz, 106 AD3d 734, 734-735 [2013], lv denied 21 NY3d 866 [2013]).

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court