■ In the Matter of Dennis H. Langley, Respondent, v Peg Spano, Appellant. [874 NYS2d 589]—

Stein, J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered November 21, 2007, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify an order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are divorced and have one son (born in 1998). Pursuant to their separation agreement entered into in 1999, the parties shared joint legal custody of their son, with the mother having primary physical custody. The separation agreement also provided that the father was to have parenting time on alternate weekends and one weekday, in addition to certain specified vacations, school breaks and holidays. In 2000, the parties stipulated to extend the father's weekend parenting time. The separation agreement, as amended by the 2000 stipulation, was incorporated into a judgment of divorce in 2001. Thereafter, additional minor modifications to the parenting arrangement were made in 2004 and in July 2006. In December 2006, the father commenced this proceeding seeking either primary physical custody or equal parenting time, prompting the mother to move for, among other things, sole custody of the child. Family Court granted the father's petition insofar as it directed that the parties share physical custody of the child and denied the mother's motion. The mother now appeals and we affirm.

Only when a party demonstrates a sufficient change in circumstances since the entry of the prior order may a court modify

an existing custody order (*see Matter of Chase v Benjamin*, 44 AD3d 1130 [2007]). Once this threshold showing has been made, the court must then undertake an analysis of the best interests of the child (*see id.* at 1131). Here, even assuming that the father was required to show a change in circumstances since the July 2006 modification (*see Matter of Fielding v Fielding*, 41 AD3d 929, 929-930 [2007]), we find sufficient allegations in the petition and support in the record to sustain a finding that he did so (*see Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]; *Matter of Meyer v Rudinger*, 285 AD2d 714, 715 [2001]).

Based upon our review of the record and according due deference to Family Court's credibility determinations (*see Matter of Passero v Giordano*, 53 AD3d at 803), we also find no basis to disturb Family Court's determination of what is in the child's best interests (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). For example, both the Law Guardian and the court-ordered psychologist recommended an equal parenting arrangement. Both parents have appropriate home environments for the child and are involved in the child's activities and emotional development. Despite some disagreements between the parents, the record supports the court's finding that they have been able to make joint parenting decisions and have taken steps to put their child's interests first. The record also reflects that even the parties' respective spouses have made attempts to foster better relationships between the child, the parties and each other. Thus, we discern no error in Family Court's determination.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.