■ In the Matter of MATTHEW WILLIAMS, Respondent, v TARA WILLIAMS, Appellant. (And Another Related Proceeding.) [887 NYS2d 350]—

Peters, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 8, 2008, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2003). Pursuant to a February 2006 stipulated order, the parties shared joint custody of the child, with the mother having primary physical custody and the father having visitation on alternating weekends. Thereafter, each petitioned for sole custody of the child. Following a fact-finding hearing, Family Court found a change of circumstances sufficient to warrant a modification and that the child's best interests would be served by granting the father sole custody. The mother now appeals, and we affirm.

"[A] parent seeking to modify an existing custody order bears the burden of proving that there has been a sufficient change in circumstances since the entry of that order warranting a modification thereof in the child['s] best interests" (*Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]; *see Matter of Langley v Spano*, 58 AD3d 1082, 1082-1083 [2009]). Here, the record supports Family Court's determination that the parties are no longer able to work and effectively communicate with one another for the sake of their child. The parties' relationship has deteriorated to a point where they were antagonistic and embattled, on one occasion requiring police intervention to settle a dispute as to the extent of the father's holiday visitation. Moreover, the parties themselves acknowledged their inability to communicate

effectively with one another and to cooperate in decisions that relate to the child's welfare and development, thus making continued joint custody unworkable (*see Matter of Omahen v Omahen*, 64 AD3d 975, 976 [2009]; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]; *Matter of Grant v Grant*, 47 AD3d 1027, 1028 [2008]).

With joint custody no longer feasible, Family Court was then required to determine what custodial arrangement would promote the best interests of the child (*see Matter of Omahen v Omahen*, 64 AD3d at 976; *Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Relevant factors to be taken into account include "maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (*Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009] [internal quotation marks and citations omitted], *lv denied* 13 NY3d 702 [2009]; *see Matter of Bush v Stout*, 59 AD3d 871, 872 [2009]). "Although this Court's authority in custody matters is as broad as that entrusted to Family Court, Family Court's findings and credibility determinations are accorded great deference and will not be disturbed on appeal absent a sound and substantial basis in the record" (*Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008] [citation omitted]; *see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]; *Matter of Colwell v Parks*, 44 AD3d 1134, 1135-1136 [2007]).

Upon our review, we find Family Court's decision to award custody to the father to be supported by the record. He maintains a stable residence with his current wife and is gainfully employed as a punch press operator, while the mother is unemployed and currently obtains all of her financial means from welfare payments, child support and a boyfriend who does not reside with her. Moreover, the mother, who has three children, has moved twice since the prior order of custody and was the subject of an indicated report due to the conditions inside one of her residences. Family Court also found that the mother was deficient in addressing the child's medical and developmental needs and failed to insure proper hygiene and clothing for the child. Specifically, testimony from the father, his wife and his wife's mother revealed that the child frequently appeared for visitation unclean, unkempt and wearing clothes that did not fit him. The proof also showed that the mother twice delivered the child to the father with a severe rash, requiring the father to obtain medical treatment. On several other occasions, the child arrived with head lice. Although he was nearly

five years old at the time of the fact-finding hearing, the child was not fully toilet trained, resulting in his rejection from pre-kindergarten placement. Family Court further found that, despite expressed and valid concerns by the father and his wife regarding the child's speech development, the mother consistently refused to allow the child to be evaluated for developmental delays. While the father was not without his own shortcomings, in light of the totality of the circumstances, and according appropriate deference to Family Court's findings and credibility assessments (*see Matter of Grant v Grant*, 47 AD3d at 1029), we find that the award of sole custody to the father has a sound and substantial basis in the record.

Finally, the mother argues that a transfer of custody to the father will result in the separation of the child from his two half siblings, noting a general reluctance of courts to separate siblings (*see e.g. Matter of Ebert v Ebert*, 38 NY2d 700, 704 [1976]). "Although siblings should be kept together if possible, that rule has become more complicated due to changing family dynamics" (*Matter of Tavernia v Bouvia*, 12 AD3d 960, 962 [2004] [citation omitted]; *see Matter of Dunaway v Espinoza*, 23 AD3d 928, 930 [2005]). While there was evidence of a loving bond between the children, the best interests of the mother's two other children, each of whom had a different father, was not before Family Court, and it was in the best interests of the child involved in this proceeding to be in the custody of the father (*see Matter of Esterle v Dellay*, 281 AD2d 722, 727 [2001]; *see also Matter of Dunaway v Espinoza*, 23 AD3d at 930).

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.