■ In the Matter of ELENA SPIEWAK, Respondent, v ANTHONY ACKERMAN SR., Appellant. [932 NYS2d 207]—

Lahtinen, J.

The parties had joint legal custody of their children (born in 1995 and 1997) pursuant to the terms of a consent order entered in January 2005, which was later incorporated but not merged into their divorce judgment. The order further provided petitioner (hereinafter the mother) with primary physical custody while respondent (hereinafter the father) had visitation on alternate weekends, as well as at such other times as the parties agreed. In November 2009, the mother commenced this proceeding seeking sole legal custody of the children and a reduction in the father's visitation. Following a hearing, Family Court granted the mother sole legal custody but refused to reduce the father's visitation. The father appeals.

---

We affirm. " 'Modification of an existing custody arrangement is appropriate where the petitioner establishes by a preponderance of the evidence that there has been a change in circumstances and that modification is necessary to ensure the best interests of the children' " (*Matter of Seacord v Seacord*, 81 AD3d 1101, 1103 [2011], quoting *Matter of Cobane v Cobane*, 57 AD3d 1320, 1321-1322 [2008], *lv denied* 12 NY3d 706 [2009]). There was ample evidence, credited by Family Court, that since early 2009, the parties' relationship significantly deteriorated such that they were hostile and unable to effectively communicate. The father's verbal abuse resulted in the mother using written communication with the father, and the father had changed his telephone without providing the new number to the mother. The parties' inability to communicate and cooperate as to parenting decisions constituted a change in circumstances regarding their joint legal custody (*see Matter of Williams v Williams*, 66 AD3d 1149, 1150-1151 [2009]; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]; *Matter of Grant v Grant*, 47 AD3d 1027, 1028 [2008]).

"In determining the children's best interests, a court must view all of the circumstances while considering certain factors, including maintaining stability for the children, the children's wishes, the home environment with each parent, each parent's past performance and relative fitness, each parent's ability to guide and provide for the children's overall well-being and the willingness of each to foster a positive relationship between the children and the other parent" (*Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1102 [2007] [citations omitted]). Proof revealed that the children had behavioral and medical issues and the father failed to acknowledge the extent of the children's problems. He had not been actively involved in their medical care and, at one point, unilaterally stopped giving one child his prescribed medication for two months until ordered by Family Court to resume giving the medicine. He exhibited significant lapses of parental judgment and supervision when, while in his care, one child took the wrong medicine and the children watched pornographic movies. He engaged in various hostilities against and accusations directed at the mother, including twice making unfounded reports to child protective services. The mother had remarried and her new spouse was supportive of the children. Their home provided a structured environment, which experts indicated the children needed. She exhibited efforts at positive advocacy for the children and she had undertaken virtually all decisions regarding the children, whereas the father failed to take a meaningful role. Family Court's determination to place legal custody with the mother is supported by a

sound and substantial basis in the record (*see Matter of Hayward v Thurmond*, 85 AD3d 1260, 1262 [2011]; *Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1131 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]).

The father next argues that Family Court made a reversible error in considering a psychological evaluation that he had marked as an exhibit at the hearing, but had not offered into evidence. While the report should not have been considered, the error was harmless in light of the quantum of evidence and the fact that the report was not the basis for determining custody (*see generally Matter of Nicholas R. [Jason S.]*, 82 AD3d 1526, 1528 n [2011], *lv denied* 17 NY3d 706 [2011]; *Matter of Pettengill v Kirley*, 25 AD3d 935, 936 [2006]; *Matter of Mathieu v Grosser*, 5 AD3d 1069, 1070 [2004]).

We are unpersuaded by the father's contention that his attorney did not provide meaningful representation, thus depriving him of the effective assistance of counsel (*see Matter of Hurlburt v Behr*, 70 AD3d 1266, 1267 [2010], *lv dismissed* 15 NY3d 943 [2010]). The father's attorney effectively cross-examined witnesses and she produced four witnesses on his behalf including two experts. The father did not show that the failure to call him as a witness or to ask specific questions of the mother did not reflect legitimate trial strategy (*see Matter of Shangraw v Shangraw*, 61 AD3d 1302, 1305 [2009]), and a review of the record reveals that he received meaningful representation.

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.