Rose, J.P.
Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered September 8, 2011, which, among other things, partially granted respondent’s application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties entered into a separation agreement in 2006 providing for joint custody of their three children (born in 2000, 2003 and 2004) with alternating physical placement. In February 2009, they stipulated to, among other things, continue joint custody, with respondent (hereinafter the father) having primary physical custody and petitioner (hereinafter the mother) having scheduled parenting time for an evening each week and on weekends during the school year. In July 2010, the mother commenced the first of these proceedings seeking to alter her parenting time so that she would have the two youngest children from Wednesday to Sunday of each week and the oldest child from Sunday to Tuesday of each week. The father opposed the proposed schedule change, filed violation petitions and filed a modification petition seeking, among other things, sole legal custody of the children.
After a hearing, Family Court found a sufficient change in cir *933 cumstances to support the conclusion that the joint custody arrangement was no longer viable and that an award of sole legal custody to the father would be in the best interests of the children. The court denied the mother’s requested change in parenting time because it would effectively separate the two younger children from their older sibling. Finally, the court imposed an order of protection against the mother that prohibited her from, among other things, posting any communications to or about the children on any social network site. The mother appeals and we now affirm.
Initially, the mother does not dispute that there was a change in circumstances, and the record supports Family Court’s determination that there was a sufficient deterioration in the parties’ relationship so as to warrant modification of the joint custody order (see Matter of Martin v Martin, 45 AD3d 1244, 1245-1246 [2007]; Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1101 [2007]; Grandin v Grandin, 8 AD3d 710, 711 [2004]). Having determined that joint custody was no longer workable, Family Court was “then required to determine what custodial arrangement would promote the best interests of the children]” (Matter of Williams v Williams, 66 AD3d 1149, 1151 [2009]; see Matter of Goldsmith v Goldsmith, 50 AD3d 1190, 1191 [2008]). Relevant factors in determining the children’s best interests include “ ‘maintaining stability in the children’s lives, the quality of respective home environments, the length of time the present custody arrangement has been in place, each parent’s past performance, relative fitness and ability to provide for and guide the children’s intellectual and emotional development, and the effect the award of custody to one parent would have on the children’s relationship with the other parent’ ” (Matter of Timothy N. v Gwendolyn N., 92 AD3d 1155, 1157 [2012], quoting Matter of Opalka v Skinner, 81 AD3d 1005, 1006 [2011]; see Matter of Coley v Sylva, 95 AD3d 1461, 1462 [2012]).
In making its determination, Family Court noted the pattern of inappropriate behavior by the mother and its effect on the parties’ oldest child, who has mental health issues and receives counseling. The mother does not participate in the child’s counseling because she does not like the therapist or agree with the recommendation that the child needs structure and should follow the same routine in both households. The mother also testified that she frequently calls the father for him to take the oldest child away during her parenting time because she cannot deal with his behavior. The mother admitted that she swears and yells at the oldest child, often resorting to physical means to deal with him. In addition, she utilized Facebook to insult *934 and demean the child, who was then 10 years old, by, among other things, calling him an “asshole.” She testified without remorse that she did so because that is what “[h]e is,” and she thought it was important for her Facebook friends to know this. Charitably stated, her testimony reflected a lack of insight as to the nature of her conduct toward her oldest child.
In contrast, the father deals more appropriately with the oldest child, participates in counseling with him and ensures that he takes his medication. Also, the oldest child’s behavior and academic achievement have improved since the change in physical custody as a result of the February 2009 stipulation. The evidence also revealed that the father is steadily employed, maintains a stable environment for the children with his current wife and their child, and his parenting time does not involve the same type of verbal and physical altercations with the oldest child as often occurred while the children were in the mother’s care.
As the evidence indicates that the father is more able to provide a stable and nurturing environment for the children, Family Court’s determination that the best interests of the children would be served by granting the father sole custody is supported by a sound and substantial basis in the record (see Matter of Timothy N. v Gwendolyn N., 92 AD3d at 1157; Matter of Goldsmith v Goldsmith, 50 AD3d at 1193; Matter of Harper v Jones, 292 AD2d 649, 650-651 [2002]). Furthermore, Family Court did not err in rejecting the mother’s requested modification of her parenting time as she did not present any evidence that it would be in the children’s best interests to be separated (see Matter of Ebert v Ebert, 38 NY2d 700, 704 [1976]; Matter of Valenti v Valenti, 57 AD3d 1131, 1135 [2008], lv denied 12 NY3d 703 [2009]; cf. Matter of Donahue v Buisch, 265 AD2d 601, 604 [1999]).
Nor can we agree with the mother’s claim that Family Court was without authority to issue an order of protection in the absence of a specific request for one (see Family Ct Act § 656; Matter of Bronson v Bronson, 23 AD3d 932, 933 [2005]; Matter of Morse v Brown, 298 AD2d 656, 657 [2002]; Matter of Mongiardo v Mongiardo, 232 AD2d 741, 744 [1996]). The mother’s use of physical force and disparagement of the oldest child on Facebook were subjects of one of the father’s violation petitions, and there was sufficient evidence regarding the mother’s inappropriate use of the Internet to demean and disparage the oldest child, as well as her lack of remorse or insight into the inappropriateness of such behavior, so as to justify the court’s issuance of the order of protection.
*935 Finally, the mother’s claims that Family Court should have held a Lincoln hearing and the attorney for the children was ineffective have been reviewed and determined to be without merit.
Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.