Egan Jr., J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered May 7, 2012, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son born in 1996. By order entered October 10, 2000, the parties stipulated that they would share joint custody of the child with primary physical custody to the mother and substantial visitation to the father. In 2009, the father, who by then had relocated from Broome County to Pennsylvania, commenced a modification proceeding seeking primary physical custody of his son. Family Court dismissed the father’s application, finding that he had failed to demonstrate a sufficient change in circumstances to warrant modification of the prior order.[1]
In 2011, the father commenced this modification proceeding — again seeking primary physical custody of his son. Following a hearing,[2] Family Court orally conveyed its inclination to dismiss the father’s application, noting that a written decision would be forthcoming. In the interim, and based upon certain comments made by Family Court from the bench, the father moved to reopen the proof. Family Court denied the father’s *1075 motion to reopen and dismissed the modification proceeding, prompting this appeal.[3]
We affirm. “The case law makes clear that an existing custody order will be modified only when the party seeking the modification demonstrates a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child’s best interest” (Matter of Hamilton v Anderson, 99 AD3d 1077, 1078 [2012] [internal quotation marks and citations omitted]; see Matter of Hayward v Campbell, 104 AD3d 1000, 1000 [2013]; Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]). “[W]hile not dispositive, the express wishes of [an] older and more mature child[ ] can support the finding of a change in circumstances” (Matter of Burch v Willard, 57 AD3d 1272, 1273 [2008]).
Here, the father’s modification petition was based, in large measure, upon the child’s desire to live with him in Pennsylvania.[4] To be sure, the wishes of the child, who was almost 15 years old at the time of the hearing, are worthy of serious consideration. However, absent other additional factors militating in favor of altering the longstanding and otherwise successful custodial arrangement present here (see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1339 [2013], lv denied 22 NY3d 852 [2013]; Matter of Cole v Nofri, 107 AD3d 1510,1511-1512 [2013]; Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047 [2011]; Matter of Burch v Willard, 57 AD3d at 1273; Matter of Oddy v Oddy, 296 AD2d 616, 617-618 [2002]), we are not inclined to disturb Family Court’s dismissal of the father’s application — particularly given that the existing custodial arrangement affords the child with access to and the support of two fit and loving parents. The father’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lahtinen, J.P, McCarthy and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

. In so doing, Family Court noted that “[t]he parents are the ideal joint custodians. They are civil, mature, polite and caring parents who communicate about their son despite their own personal differences.”

. Family Court also conducted a Lincoln hearing.

. The father’s subsequent motion to this Court for a change in the primary physical residence of the child pending appeal was denied.

. Although the father also suggested that the mother was not sufficiently involved in the child’s educational plan and provided inadequate supervision for the child on the evenings that she worked, these allegations are not borne out by the record.