Egan Jr., J.
Appeal from an order of the Family Court of Warren County (Breen, J), dated December 3, 2012, which, among other things, granted respondent’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the separated parents of three children (born in 2005, 2007 and 2008). Pursuant to a stipulated order entered in July 2011, the parties agreed to joint legal custody and shared equal parenting time with the children. In January 2012, the father commenced the first of these proceedings seeking primary physical custody of the children. The mother opposed the father’s application and filed a series of amended cross petitions seeking sole legal and physical custody. Thereafter, the father filed a petition alleging that the mother had violated various provisions of the custody order. Following a trial, Family Court granted the mother’s fourth amended cross petition and awarded her sole legal and physical custody of the children. As to the violation petition, Family Court concluded that, although the mother had violated the custody order by not allowing the children to speak with the father on the telephone on certain occasions and by having the children’s maternal grandmother present during some of the custody exchanges, the violations were not willful given what the court characterized as *1072 the father’s malicious behavior towards her. The father now appeals.
We affirm. “A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child[ren]’s best interests” (Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014] [citations omitted]; see Matter of Repsher v Finney, 111 AD3d 1074, 1075 [2013]). This change in circumstances, in turn, “can be established where . . . the relationship between the joint custodial parents deteriorates ‘to the point where they simply cannot work together in a cooperative fashion for the good of their children’ ” (Ulmer v Ulmer, 254 AD2d 541, 542 [1998], quoting Matter of Jemmott v Jemmott, 249 AD2d 838, 839 [1998], lv denied 92 NY2d 809 [1998]; accord Matter of Youngs v Olsen, 106 AD3d 1161, 1163 [2013]). Here, the record reflects that the parties’ relationship has become antagonistic and uncivil to the point where they are unable to effectuate joint custody, thereby constituting a sufficient change in circumstances to warrant modification of the prior order (see Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]; Matter of Youngs v Olsen, 106 AD3d at 1163; Matter of Greene v Robarge, 104 AD3d 1073, 1075 [2013]; Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]).
Having concluded that joint custody no longer was feasible, Family Court was left to consider what custodial arrangement would be in the children’s best interests. “In evaluating the best interests of the children], a court must consider numerous factors, including the quality of each parent’s home environments, their past performance and stability, and each parent’s relative fitness and ability to provide for the child[ren]’s intellectual and emotional development” (Matter of Hayward v Campbell, 104 AD3d 1000, 1001 [2013] [citations omitted]; see Matter of Melody M. v Robert M., 103 AD3d 932, 933 [2013], lv denied 21 NY3d 859 [2013]). Here, the record reflects that the mother is employed and provides a stable home for the children, which she rents from her parents. Additionally, the mother’s parents are available to care for the children while she works. In contrast, the father has lived in three different locations since the July 2011 custody order was issued, and a sergeant from the Warren County Sheriffs Department, who visited the father’s current home in April 2012, described the residence as a “disgusting mess” with “garbage everywhere” and characterized the home as “[absolutely not” safe for children. Further, while in the father’s care, the parties’ three-year-old son was *1073 found wandering alone at approximately 2:00 a.m. in the parking lot of the apartment building where the father’s girlfriend resided, while the father and his girlfriend were asleep inside. As the evidence indicates that the mother is more able to provide a stable and supportive home environment than the father, Family Court’s determination that the best interests of the children would be served by granting her sole legal and physical custody is supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Melody M. v Robert M., 103 AD3d at 934; Matter of Spiewak v Ackerman, 88 AD3d at 1192-1193).
Peters, EJ., Stein and McCarthy, JJ., concur.
Ordered that the order is affirmed, without costs.