Stein, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 5, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2006). In May 2011, Family Court, on consent of the parties, awarded sole custody of the child to the mother, with supervised parenting time to the father, and issued a one-year stay away order of protection against the father. Beginning shortly thereafter, the father filed numerous violation and custody petitions alleging, among other things, that the mother had interfered with his parenting time. As a result, Family Court issued a temporary order in October 2011 awarding the father unsupervised visitation with the child on alternating weekends and certain holidays, and vacated the order of protection. Following hearings on the father’s violation petitions, the court found that the mother had failed to honor the visitation provisions of the court’s custody orders. Hearings were then held on the father’s petition to modify custody, including a Lincoln hearing with the child, after which the court awarded the father sole custody of the child and provided for parenting time with the mother on alternating weekends and holidays. The mother now appeals from that order.[1]
We affirm. To the extent that the mother argues that the father failed to demonstrate a sufficient change in circumstances to warrant modification of the prior order, we disagree inasmuch as the record reflects that the mother frequently violated the terms of the prior custody orders by depriving the child of visitation with the father and that circumstances surrounding the mother’s fitness to care for the child had deteriorated (see Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]; Matter of Graham v Morrow, 111 AD3d 1178, 1179 [2013]).[2] Thus, Family Court was left to consider what custodial arrangement was in the child’s best interests (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). More specifically, as limited by the mother’s brief, the issue before us distills to whether Family *1056 Court properly transferred custody of the child from the mother to the father.
The hearing testimony established that the father—who also has an older son who visits with him on weekends—lives with his girlfriend and her two children in a home that she owns located in the child’s school district, both are gainfully employed and the girlfriend’s mother is an active support system for the family. At the time of the hearing, the mother, who also has an older daughter, had moved several times in the 18 months since the parties separated and, by the end of the hearing, had moved in with her boyfriend. The mother was unemployed and on temporary assistance, claimed to have a physical disability for which she had not applied for disability benefits and, up until the end of the hearing, had a suspended driver’s license. The mother frequently used or allowed the use of vulgar and racist language and denigrated the father, as well as her daughter’s father, in the children’s presence.[3] Additionally, the mother and child had lived in conditions that Family Court described as “deplorable,” “sloppy” and “chaotic,” and the mother had participated in damaging a home from which she and her children were being evicted. Further, the mother was indicated for educational neglect by allowing her daughter to miss considerable periods of time from school—and the record reflects that the subject child also missed significant time from kindergarten—and failed to cooperate with the court’s attempts to order a home study.
The record also establishes that the mother deprived the child of any visitation with the father for a protracted period of time after the parties separated and had no credible explanation for completely disregarding the terms of the custody order to which she had consented, or for her failure to abide by Family Court’s subsequent temporary order awarding the father parenting time on Thanksgiving.[4] The court properly gave great weight to such persistent interference with the relationship between the father and the child in assessing the mother’s overall fitness to act as *1057 a custodial parent (see Matter of Greene v Robarge, 104 AD3d 1073, 1075 [2013]; Brodsky v Brodsky, 267 AD2d 897, 898 [1999]).
Moreover, Family Court’s decision reflects that it considered the impact of the separation of the child from his half sister (see Matter of Williams v Williams, 66 AD3d 1149, 1152 [2009]; Matter of Robinson v Davis, 58 AD3d 1041, 1042 [2009]), but that such separation was outweighed by other factors. When we consider all of the factors relevant to the child’s best interests (see Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033 [2014]; Matter of Bush v Bush, 104 AD3d 1069, 1071 [2013]), and accord deference to the court’s determination that the mother’s testimony lacked credibility (see Matter of Michelle V. v Brandon V., 110 AD3d 1319, 1323 [2013]; Matter of Youngs v Olsen, 106 AD3d 1161, 1163 [2013]; Matter of Melody M. v Robert M., 103 AD3d 932, 934 [2013], lv denied 21 NY3d 859 [2013]), we find a sound and substantial basis in the record for the conclusion that an award of custody to the father is in the child’s best interests (see Matter of Parchinsky v Parchinsky, 114 AD3d at 1041; Matter of LaRussa v Williams, 114 AD3d 1052, 1055 [2014]). The parties’ remaining contentions do not persuade us otherwise.
Peters, EJ., McCarthy and Egan Jr., JJ., concur.
Ordered that the order is affirmed, without costs.

. We note that, while the attorney for the child did not appeal, she supports the position advanced by the mother.

. Although Family Court did not expressly make a finding of a change in circumstances, such finding can be readily inferred. In any event, this Court has the authority to independently review the record, which we find amply demonstrates the requisite change in circumstances (see Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]).

. The mother testified that the father also denigrates her and that the father had assaulted her on more than one occasion. However, we note that Family Court found that the mother’s derogatory comments were more pervasive than the father’s and that she was not a credible witness.

. The mother’s argument that Family Court erred in relying on certain findings contained in the order following the violation hearings is not properly before us, as she neither appealed from that final order nor objected at the modification hearing when the court stated that it was taking judicial notice of the prior violation proceedings and testimony (see Matter of Lagano v Soule, 86 AD3d 665, 667 n 5 [2011]; Matter of Benjamin v Benjamin, 48 AD3d 912, 914 [2008]).