*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                517570
_____

In the Matter of MARK J. CLARK,
                Respondent,

        v                                  MEMORANDUM AND ORDER

LORI M. HART,
                Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                    _____


        Lisa A. Burgess, Indian Lake, for appellant.

        Diane Exoo, Canton, attorney for the child.


                    _____


Stein, J.

        Appeal from an order of the Family Court of St. Lawrence
County (Rogers, J.), entered September 6, 2013, which granted
petitioner's application, in two proceedings pursuant to Family
Ct Act article 6, for modification of a prior order of custody.

        The parties are the parents of a son (born in 2007).  In
October 2012, petitioner (hereinafter the father) commenced the
first of these proceedings to modify a January 2012 order that
reflected the parties' stipulated agreement on custody, pursuant
to which they shared joint custody of the child, with respondent
(hereinafter the mother) having primary physical custody.  The
father now seeks custody of the child, alleging, among other
things, that the mother created an unstable home environment,
leading to a deterioration in the child's behavior and his

resulting suspension from school and day care.  In November 2012, the father filed a second "emergency" petition for modification, seeking immediate custody based upon alleged physical and mental abuse of the child by the mother's older son (born in 1993). Following a hearing on the request for temporary relief, Family Court (Morris, J.) declined to make any changes to the child's placement, but ordered a Family Ct Act § 1034 investigation and issued an order of protection directing that the mother not allow her older son to have contact with the child.  The matter proceeded to a hearing on both petitions, at the conclusion of which Family Court (Rogers, J.) issued a temporary order placing the child in the father's custody.  Following receipt of written submissions by the attorneys for the mother and the child, Family Court awarded the father sole legal and physical custody of the child, with visitation to the mother.  The mother now appeals, arguing that Family Court erred in determining that the father demonstrated either a change in circumstances warranting modification of the prior order or that a change in custody would serve the child's best interests.

        "'A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child[ ]'s best interests'" (Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv dismissed and denied 24 NY3d 937 [2014], quoting Matter of Sonley v Sonley, 115 AD3d 1071, 1072 [2014]).  Here, the mother admitted that, after the prior order of custody was entered, her older son moved into her home and committed acts of physical violence and verbal abuse against other members of the household as a result of his drug use.  The mother testified that she had called the police to her household more than once as a result of her older son's drug-related behavior, but conceded that she allowed him to continue living with her and the child for at least some portion of the six months following a particularly violent attack.  The mother had also informed the father that the child's suspension from school in September 2012 and deteriorating behavior was due to her older son's drug use and the resulting conflict in her household.  In our view, this evidence demonstrated the requisite change in circumstances (see Matter of Bush v Bush, 104 AD3d 1069, 1070-1071 [2013]; Matter of Opalka v Skinner, 81 AD3d 1005,

1005-1006 [2011]; see also Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]; cf. Matter of Owens v O'Brien, 91 AD3d 1049, 1050-1051 [2012]).

Furthermore, Family Court properly determined that modification of the prior custody order to award custody to the father would serve the child's best interests. "In evaluating the best interests of the child[], a court must consider numerous factors, including the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child[]'s intellectual and emotional development" (Matter of Sonley v Sonley, 115 AD3d at 1072 [internal quotation marks and citations omitted]; see Matter of Bush v Bush, 104 AD3d at 1071). Here, the record reflects that the mother allowed her older son to move in with her and the child despite her awareness that the older son was facing misdemeanor charges in North Carolina as a result of beating another one of her sons. Although her older son thereafter engaged in a pattern of violence against other household members, the mother periodically allowed him to continue living with her, as noted above. Even after Family Court issued an order of protection precluding contact between the child and the older son, the mother continued to allow the older son to visit her residence – at times allegedly in the child's presence – which caused the child distress. Although the child's behavior had deteriorated as a result, the mother nevertheless testified that she did not believe that there was any reason to separate her older son and the child, other than that a judge directed her to do so.

In addition to the foregoing, the record reflects that the mother was unemployed and had frequently changed residences during the two years prior to the hearing and she acknowledged at the hearing that she would be moving again soon. The mother also made numerous allegations of abuse against the father and members of his household, which were ultimately determined to be unfounded. In contrast to the chaos in the mother's residence, the father owns a six-bedroom home on nine acres of land, where he resides with his girlfriend and two older children, and the mother currently has no concerns regarding the siblings who reside with the father. The child has a large extended family –

on both the mother's and the father's side — near his father's residence, but no family residing near the mother, other than the mother's older son.  Moreover, Family Court was aware of the child's preferred residence, as reported by the attorney for the child, as well as the child's diagnoses and behavioral issues and his corresponding need for stability and consistency in his home environment and parenting.  Considering the totality of the evidence and deferring to Family Court's credibility assessments, the court's decision is supported by a sound and substantial basis in the record (see Matter of Sonley v Sonley, 115 AD3d at 1072-1073; Matter of Fish v Fish, 100 AD3d 1049, 1050 [2012]; see also Matter of Keen v Stephens, 114 AD3d 1029, 1030-1031 [2014]).

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court