*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                    517627
_____

In the Matter of EDWARD D.
   KENT JR.,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

SUMMERS ORDWAY,
                        Respondent.
_____

Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____

    Emily Karr Cook, Elmira, for appellant.

    Pamela D. Gee, Elmira, attorney for the child.

_____

Devine, J.

        Appeal from an order of the Family Court of Chemung County (Argetsinger, J.H.O.), entered August 14, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 1998).  Family Court entered a consent order in 2007 which granted the parties joint legal and physical custody of the child and established a visitation schedule.  Years later, the father commenced this modification proceeding seeking primary physical custody of the child.  After conducting a fact-finding hearing and a Lincoln hearing with the child, Family Court issued an order which, among other things, modified the parties' visitation schedule.  This appeal by the father ensued.

"An alteration of an established custody arrangement requires a showing of a change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014] [internal quotation marks and citation omitted]; see Matter of Clark v Hart, 121 AD3d 1366, 1367 [2014]; Matter of Meier v Meier, 79 AD3d 1295, 1295 [2010]). Inasmuch as the child allegedly expressed his desire to live primarily with the father due to, among other things, the obligation that was placed on him to care for a younger sibling while the mother was at work, including during evening and overnight hours, this matter presents the requisite change in circumstances that would allow for a modification of the prior custody order despite Family Court's failure to expressly make such a finding (see Matter of Whitcomb v Seward, 86 AD3d 741, 742 [2011]; Matter of Meier v Meier, 79 AD3d at 1295).

The father and the attorney for the child assert that Family Court's order allocating custody equally between the parties did not properly account for the child's best interests. In conducting a best interests evaluation, the court must consider several factors when making a custody determination, including "'maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other'" (Matter of Cornell v Cornell, 8 AD3d 718, 719 [2004], quoting Matter of Fletcher v Young, 281 AD2d 765, 767 [2001]; see Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033 [2014]).

Here, Family Court continued the previous award of joint legal and shared physical custody, but modified the preexisting physical custody schedule in a manner that afforded the parties an opportunity to work cooperatively to make scheduling adjustments, when necessary. The court's order further implemented various scheduling restrictions and requirements, including that the child's primary physical residence be with the father "for school purposes," that custody would remain with the father while the mother worked evening shifts, that the mother

would have custody on those days that she was not working, as well as days when she was working overnight shifts "provided that she has a responsible adult present in the home overnight with the child" and, further, that the child not be required to babysit his younger sibling "except for brief periods of time, and with [the child's] consent." The court emphasized that, in constructing its order, the child's best interests were of paramount importance.

During the fact-finding hearing, Family Court heard evidence indicating that the child had expressed a desire to live with the father because there were more activities available to him at his father's residence and his mother's work schedule often left him responsible for caring for his younger, allegedly unruly sister. Further, while there was testimony regarding the mother's prior indiscretions and that she would drive her vehicle with a suspended driver's license, among other purported shortcomings, the court properly concluded that she was a caring parent who was adequately equipped to raise the child. The mother averred that she had not engaged in any illegal drug use for several years and had made child-care arrangements for her younger daughter so that the child would no longer have to provide overnight supervision. Both parties indicated that they would foster the child's relationship with the other parent. As the court's modification of the custodial arrangement has a sound and substantial evidentiary basis and is in the best interests of the child, we see no reason to make any alteration to its order (see Matter of Joseph WW. v Michelle WW., 118 AD3d 1054, 1057 [2014]; Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1052 [2014]; Matter of Virginia C. v Donald C., 114 AD3d at 1036).

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court