*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519135
_____

In the Matter of MICHELLE A.
    JONES,
                    Respondent,

        v                              MEMORANDUM AND ORDER

JOHNNIE MOORE,
                    Appellant.

(And Two Other Related Proceedings.)
_____

Calendar Date:  June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

                    _____

        Ciano J. Lama, Ithaca, for appellant.

        Francisco Berry, Ithaca, for respondent.

        Donna Chin, Ithaca, attorney for the child.

                    _____

Clark, J.

        Appeal from an order of the Family Court of Chemung County
(Hayden, J.), entered May 16, 2014, which, among other things,
dismissed respondent's applications, in two proceedings pursuant
to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a daughter (born in
1999).  An August 2010 Family Court order awarded sole custody of
the child to the mother and provided the father with visitation
every Wednesday evening and an overnight visitation every
Saturday.  In May 2013, the mother commenced a proceeding seeking

modification of the prior custody order to the extent that the father no longer have an overnight visitation with the child. The father then commenced a modification proceeding seeking more visitation time with the child and, subsequently, commenced another modification proceeding seeking sole custody. Following a fact-finding hearing and a Lincoln hearing with the child, Family Court determined that neither party established that there had been any change in circumstances sufficient to warrant modification of the prior custody order and, accordingly, dismissed the petitions. The father now appeals and contends that Family Court erred in not affording proper weight to the child's expressed desire to reside with him half of the time. We disagree.

"A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child's best interests" (Matter of Bailey v Blair, 127 AD3d 1274, 1275 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Eller v Eller, 126 AD3d 1242, 1242 [2015]; Matter of Kent v Ordway, 125 AD3d 1203, 1203 [2015]). Further, it is well settled that, "while not dispositive, the express wishes of [an] older and more mature child[] can support the finding of a change in circumstances" (Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014] [internal quotation marks and citation omitted]; see Matter of Repsher v Finney, 111 AD3d 1074, 1075 [2013]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]).

Here, at an initial appearance in November 2013, the attorney for the child indicated that, at the time that the father sought sole custody of the child, he was in support of that request based upon the child's desire to reside with the father. The attorney for the child indicated, however, that, since that time, the child had changed her mind and recognized that her desire to live with the father stemmed from a disagreement that she had with the mother regarding discipline; thus, the child made it clear that she wanted to continue residing with her mother and visit the father during the times set forth in the August 2010 custody order. At the first day of

the fact-finding hearing in May 2014, the attorney for the child read a letter from the child in which she stated that she wished "to live with both [her] mother and father." Family Court thereafter held a Lincoln hearing, following which it told the parties that it was troubled that the child seemed to have a prepared speech at the hearing. Based upon the foregoing, we find that, "absent other additional factors militating in favor of altering" the prior custody order (Matter of Repsher v Finney, 111 AD3d at 1075; see e.g. Matter of Meier v Meier, 79 AD3d 1295, 1295 [2010]), Family Court did not err in finding that the father failed to establish a change in circumstances sufficient to warrant modification of the prior custody order (see Matter of Repsher v Finney, 111 AD3d at 1075).[1]

The father's further assertion that Family Court erred in referencing, sua sponte, his criminal record is unpreserved for our review and, in any event, we find that any error was harmless (see Matter of Justin EE., 153 AD2d 772, 774 [1989], lv denied 75 NY2d 704 [1990]). The father's remaining contentions, to the extent that they are preserved, have been reviewed and found to be lacking in merit.

Garry, J.P., Rose and Devine, JJ., concur.

---

[1] The father also asserts that, since entry of the prior custody order, "the mother interfered" with his visitations and that this fact, coupled with the child's expressed wish, established a change in circumstances. The father, however, did not testify to any such interference at the fact-finding hearing and, further, we find that his claim is belied by the record (compare Matter of Parchinsky v Parchinsky, 114 AD3d at 1041).

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court