*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    521192
_____

In the Matter of AMBER KNOX,
                    Respondent,

          v                                    MEMORANDUM AND ORDER

BRET S. ROMANO,
                    Appellant.
_____

Calendar Date:  February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

                        _____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Rosemarie Richards, Gilbertsville, for respondent.

        Christopher Hammond, Cooperstown, attorney for the
children.

                        _____

Peters, P.J.

        Appeal from an order of the Family Court of Otsego County
(Burns, J.), entered April 30, 2015, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody and
visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of two children (born in
2007 and 2008).  Pursuant to a stipulated order entered in
December 2009, the parties shared joint legal custody of the
children, with primary physical custody to the mother.  The
father was provided with overnight parenting time every Tuesday

evening to Wednesday morning, every Thursday evening to Friday morning, and on alternate weekends from Saturday morning to Sunday evening.  In July 2014, the mother commenced this proceeding seeking sole legal custody of the children and a reduction in the father's visitation.  Following a fact-finding hearing, Family Court issued an order which, among other things, granted the mother sole legal custody and reduced the father's parenting time by eliminating his Thursday to Friday weekly overnight visits.  The father appeals.

"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis" (Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015] [citations omitted]; see Fermon v Fermon, 135 AD3d 1045, 1046 [2016]; Matter of Hrostowski v Micha, 132 AD3d 1103, 1104 [2015]).  Here, Family Court's determination that the parties are no longer capable of communicating effectively and amicably with one another for the sake of their children is grounded upon adequate record support. The parties' conceded inability to engage in cooperative decision-making demonstrated that joint legal custody was no longer workable, thereby triggering an inquiry into what custodial arrangement would promote the best interests of the children (see Matter of Sonley v Sonley, 115 AD3d 1071, 1072 [2014]; Matter of Williams v Williams, 66 AD3d 1149, 1150-1151 [2009]; Matter of Omahen v Omahen, 64 AD3d 975, 976 [2009]).

Factors relevant to determining the children's best interests include "maintaining stability in the children's lives, the quality of respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development, and the effect the award of custody to one parent would have on the children's relationship with the other parent" (Matter of Melody M. v Robert M., 103 AD3d 932, 933 [2013] [internal quotation marks and citations omitted], lv denied 21 NY3d 859 [2013]; see Matter of Zahuranec v Zahuranec, 132 AD3d 1175, 1176 [2015]).  Here, while it is clear that both parties are loving and devoted parents, the mother is more able to provide the children with

greater stability. She is steadily employed and maintains a structured environment for the children with her fiancé. The father, who works seasonally as a self-employed umpire, does not have a driver's license due to his various driving while intoxicated convictions and relies on his mother for transportation. Further, the father exhibited questionable judgment by both traveling in a vehicle with the children without placing them in their car seats and permitting the children to remain atop a roof while he was doing repairs. Taken as a whole, the record provides the requisite sound and substantial basis for Family Court's determination that it was in the best interests of the children to award sole legal custody to the mother (see Matter of Melody M. v Robert M., 103 AD3d at 933-934; Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192-1193 [2011]; Matter of Jennifer G. v Benjamin H., 84 AD3d 1433, 1434 [2011]).

Turning to visitation, we agree with Family Court that a change in circumstances has been demonstrated and that a modification of the then-existing visitation schedule is necessary to ensure the children's best interests (see Matter of Carr v Stebbins, 135 AD3d 1013, 1014 [2016]; Nolan v Nolan, 104 AD3d 1102, 1105 [2013]). The mother described the children as being anxious and confused regarding the midweek visitation schedule and stated that they constantly questioned who was picking them up at school each day. She also testified that the older child had recently enrolled in certain extracurricular activities and expressed concern about relying on the father to facilitate the child's attendance. As Family Court found, the current schedule — which called for the children to alternate between the parents' homes on a daily basis throughout the school week — had a negative impact upon the children's emotional state, and we agree that the children's best interests are served by eliminating the father's weekly Thursday to Friday overnight visits so as to provide more structure and consistency.

However, Family Court did not articulate a reason as to why an overall reduction in the father's parenting time was in the children's best interests (see Matter of Jennifer G. v Benjamin H., 84 AD3d at 1434; Matter of Laware v Baldwin, 42 AD3d 696, 697 [2007]), and we do not find a sound and substantial basis in the record that would support such a finding. Notwithstanding his

shortcomings, the father has faithfully attended his visits with the children, has developed a significant relationship with them and has been a consistent figure in their young lives. The mother freely acknowledged that the children enjoy their time with the father and, although certainly not dispositive, the attorney for the children both at the hearing and on this appeal took the position that the father's parenting time should not be reduced. Inasmuch as our authority in custody and visitation matters is as broad as that of Family Court and the record is sufficiently complete to permit an informed modification of the visitation provisions (see Bowman v Engelhart, 112 AD3d 1187, 1189 [2013]; Matter of Burton v Barrett, 104 AD3d 1084, 1086 [2013]), we find that the children's interests will be best served by increasing the father's alternate weekend parenting time so as to provide roughly the same number of total hours of visitation that he received under the prior order. Therefore, commencing 30 days from the date of this decision, the father's alternating weekend parenting time will be from Friday at the close of school, or from 3:00 p.m. if school is not in session, until Monday morning at the commencement of school, or until 9:00 a.m. if school is not in session. The father shall be responsible for the children's transportation to and from such visits.

McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by awarding respondent additional parenting time as set forth in this Court's decision, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court