Matter of Labaff v Dennis (2018 NY Slip Op 02384)





Matter of Labaff v Dennis


2018 NY Slip Op 02384


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524831

[*1]In the Matter of SARA M. LaBAFF, Respondent,
v
ROBERT A. DENNIS, Appellant. (And Another Related Proceeding).

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Edward S. Graves, Indian Lake, for respondent.
Omshanti Parnes, Plattsburgh, attorney for the children.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered March 28, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2004, 2006 and 2007). Pursuant to a stipulated order entered in March 2016, the parties agreed to joint legal custody and
shared equal parenting time with the children. In June 2016, the mother filed a petition seeking modification of the March 2016 order based on the father's relocation to another county. Thereafter, the father filed a violation petition against the mother. After a combined hearing, Family Court dismissed the father's petition and awarded sole legal custody of the children to the mother and parenting time to the father. The father appeals.
"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that [would then] warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child[ren's] continued best interests" (Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [*2][2015] [citations omitted]). In approximately May 2016, the father relocated to the Village of Liverpool, Onondaga County, a trip of more than 2½ hours by car from the mother's home in St. Lawrence County; as a result, the father was residing in Onondaga County when the mother's modification petition was filed. Although the father subsequently returned to St. Lawrence County, circumstances that arise postpetition — although relevant to a best interests analysis — are irrelevant to the determination of whether a change in circumstances exists (see Matter of Hamilton v Anderson, 143 AD3d 1086, 1088 [2016]). Thus, Family Court properly based its conclusion that there was a change in circumstances on the fact that the father's initial relocation effectively made it impossible for him to maintain his shared parenting time on weekdays, as provided in the prior order (see Matter of Bennett v Abbey, 141 AD3d 882, 885 [2016])[FN1]. The court's further determination that joint legal custody was no longer workable is supported by the record and also establishes the existence of a change in circumstances (see Matter of Knox v Romano, 137 AD3d 1530, 1531 [2016]). In reaching that conclusion, the court reasonably relied upon the father's testimony that he did not trust the mother and did not think that the parties could effectively coparent, as well as the father's unwillingness to consider allowing the children to participate in activities that the mother identified as being of interest to them, like dance lessons and figure skating.
Turning to the best interests analysis, the factors relevant thereto include "maintaining stability in the children's lives, the quality of respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development, and the effect the award of custody to one parent would have on the children's relationship with the other parent" (id. [internal quotation marks and citations omitted]). The mother is able to provide the children with greater stability. She is steadily employed and maintains an appropriate and structured home familiar to the children in the same school district that they have always attended. Moreover, the mother has demonstrated a willingness to foster a positive relationship between the children and the father. By contrast, the father is unemployed, has moved frequently, lacks reliable transportation and has demonstrated no concern for how his insistence that the children attend a new school district — an insistence grounded in the father's unexplained distrust of the mother — would affect the children. Further, the father's distrust of the mother prevents him from fostering the mother's relationship with the children. Thus, the record contains a sufficient basis for Family Court's determination to award sole legal custody to the mother and regular visitation to the father.
Finally, we decline the father's request to increase his parenting time. Family Court "has broad discretion in fashioning a parenting schedule that is in the best interests of the child[, and] [i]t is well settled that the court's findings in this regard are entitled to great deference unless they lack a sound and substantial basis in the record" (Furano v Furano, 141 AD3d 893, 896 [2016] [internal quotation marks, brackets, ellipsis and citations omitted]). The court provided the father with regular and frequent access to the children by awarding him parenting time that included alternate weekends, shared holidays and two uninterrupted weeks during the summer.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In any event, although the father subsequently returned to St. Lawrence County, his choice to reside a distance of 12 to 15 miles from the mother's residence in an area not served by the school district that the children attended continued to preclude him from maintaining midweek visitations because he was not able to arrange for reliable transportation.