Matter of Williams v Grau (2024 NY Slip Op 04659)

Matter of Williams v Grau

2024 NY Slip Op 04659

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

562 CAF 23-01668

[*1]IN THE MATTER OF KARLIL WILLIAMS, PETITIONER-APPELLANT,
v
JULIE GRAU, RESPONDENT-RESPONDENT.
IN THE MATTER OF JULIE GRAU, PETITIONER-RESPONDENT,
v
KARLIL WILLIAMS, RESPONDENT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT. 
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Lewis County (Daniel R. King, J.), entered August 21, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted sole legal custody and primary residency of the subject child to respondent-petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner-respondent father appeals from an order that, inter alia, modified the parties' prior order of custody and parenting time by awarding sole legal custody and primary residency of the subject child to respondent-petitioner mother.
The father contends that the mother did not adequately plead a change in circumstances in her petition for modification of the prior order. That contention, raised for the first time on appeal, is not properly before this Court (see Matter of Sierak v Staring, 124 AD3d 1397, 1398 [4th Dept 2015]). In any event, the mother adequately pleaded a change in circumstances by alleging that the father "repeatedly and consistently neglected to exercise his right to full [parenting time]" (Matter of Kriegar v McCarthy, 162 AD3d 1560, 1560 [4th Dept 2018]) and that he was unable to communicate effectively with her (see Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [3d Dept 2011]; see generally Matter of Melish v Rinne, 221 AD3d 1560, 1561 [4th Dept 2023]).
We reject the father's contention that Family Court erred in granting sole legal custody and primary residency to the mother, thereby significantly reducing his parenting time. Here, "the evidence at the hearing established that the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their child[ ], and it is well settled that joint custody is not feasible under those circumstances" (Matter of Capobianco v Capobianco, 162 AD3d 1570, 1570 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]; see Matter of Mattice v Palmisano, 159 AD3d 1407, [*2]1408 [4th Dept 2018], lv denied 31 NY3d 909 [2018]). We conclude that there is a sound and substantial basis in the record for the court's determination that an award of sole legal custody and primary residency to the mother with parenting time to the father was in the child's best interests, and we therefore decline to disturb that determination (see generally Matter of Russell v Russell, 173 AD3d 1607, 1609 [4th Dept 2019]; Matter of Thayer v Ennis, 292 AD2d 824, 825 [4th Dept 2002]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court