Garry, J.
Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered September 28, 2011, which, among other things, dismissed petitioner’s application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2003, 2005 and 2006). Following the parties’ separation in 2009, they were awarded joint custody with primary physical custody to the mother, alternate weekend visitation with the father and shared holidays. Aside from a short-lived attempt to reconcile, *1209 the parties abided by the custody and visitation order until November 2010 when the father commenced this proceeding seeking custody of the children. Subsequently, the mother also filed a petition seeking modification of the prior order. After a hearing, Family Court dismissed the father’s application for custody but ordered expanded visitation. The father now appeals.
A prior order of custody will be modified only upon a showing of a substantial change in circumstances such that modification is necessary to ensure the best interests of the children (see Matter of Hetherton v Ogden, 79 AD3d 1172, 1173 [2010]; Matter of Perry v Perry, 52 AD3d 906, 906 [2008], lv denied 11 NY3d 707 [2008]; Matter of Kerwin v Kerwin, 39 AD3d 950, 951 [2007]). At the hearing, the father testified that he had acquired a certification as a medical assistant and had taken steps to address his substance abuse issues and improve his relationship with his children. However, he remained unemployed and was delinquent on his child support obligation. The other circumstances alleged by the father were essentially no different than at the time of the prior order and did not constitute changes requiring a change in custody to ensure the children’s welfare. Accordingly, we find that Family Court properly concluded that there was not a change in circumstances sufficient to warrant a change in custody (see Matter of Bronson v Bronson, 63 AD3d 1205, 1206 [2009]; Matter of Kerwin v Kerwin, 39 AD3d at 951), but that modification of the father’s visitation schedule was appropriate based upon the express agreement of all parties that increased visitation between the children and the father was desired.
Mercure, J.E, Rose, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.