*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                    516855
_____

In the Matter of HARVEY J.
    SHERWOOD,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DESIREE BARROWS,
                        Appellant.
_____

Calendar Date:  November 18, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Clark, JJ.

_____

    Diane V. Bruns, Ithaca, for appellant.

    Abbie Goldbas, Utica, for respondent.

    Susan B. McNeil, Ithaca, attorney for the child.

_____

McCarthy, J.

    Appeal from an order of the Family Court of Tompkins County
(Sherman, J.), entered May 10, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody.

    Petitioner (hereinafter the father) and respondent
(hereinafter the mother) have one child in common (born in 2004).
An October 2011 order continued joint custody and primary
placement with the mother, and provided for visitation with the
father every weekend.  The father filed a modification petition,
which he amended twice, seeking sole custody.  Following a
hearing, Family Court awarded sole custody to the father and
provided visitation to the mother.  The mother appeals.

We affirm.  A parent seeking modification of a custody order must demonstrate a sufficient change in circumstances since the entry of the prior order so as to justify a modification of that order to serve the child's best interests (see Matter of Opalka v Skinner, 81 AD3d 1005, 1005-1006 [2011]; Matter of Siler v Wright, 64 AD3d 926, 928 [2009]).  Shortly after the entry of the October 2011 order, the mother and her paramour ended their relationship, so she and her children[1] moved out of the paramour's residence and into a friend's home.  The mother went to Tennessee for a modeling shoot and left the children with her friend for more than two weeks.  On that trip, the mother was in a car accident in Ohio.  She returned to New York for approximately one day to retrieve her children, then headed back to Ohio.  During that one day, Family Court issued an order to show cause prohibiting the mother from removing the children from the state.  It appears that the mother was aware that such an order was being sought and was imminent, but she testified that she did not become aware that it was actually issued until later that day at a time when she had already left the state.  She remained in Ohio for approximately 10 days thereafter, during which time she got married.  A few days after returning to New York, she filed an affidavit indicating her desire to relocate to Ohio with her children, to be with her new husband.  Shortly thereafter, she realized that her marriage was a mistake and moved back in with her paramour, who — by the time of the hearing — she intended to marry as soon as she obtained a divorce from her husband.  While the mother and child were in Ohio, the child missed his visitation with the father and almost two weeks of school.  This situation constituted a sufficient change in circumstances for the court to reevaluate the custody arrangement.

Both parties testified regarding their poor communication and relationship, calling the efficacy of joint custody into question (see Matter of Williams v Williams, 66 AD3d 1149, 1150-1151 [2009]).  The record supports Family Court's determination that the mother created instability in the child's living arrangements and schooling, and disregarded the father's

---

[1]  The mother has another child with a different father.

visitation rights.  On the other hand, the father had steady employment, had resided with his family for several years and, although he had a disability that prevented him from being able to read, he helped the child with math and other projects, and the grandmother helped the child with reading.  Despite some faults on the father's part, he provided greater stability for the child.  Under the circumstances, we will not disturb the court's determination awarding the father sole custody (see Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006-1007 [2014]; Matter of Wilson v Hendrickson, 88 AD3d 1092, 1094-1095 [2011]; Matter of Meier v Meier, 79 AD3d 1295, 1296 [2010]).

Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court