*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    518287
_____

In the Matter of RALPH B.
    BAILEY JR.,
                    Appellant,
         v                              MEMORANDUM AND ORDER

KIMBERLY J. BLAIR,
                    Respondent.
_____

Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____

        Lisa A. Burgess, Indian Lake, for appellant.

        Michelle I. Rosien, Philmont, for respondent.

        Joseph E. Nichols, South Glens Falls, attorney for the
child.

                    _____

Egan Jr., J.

        Appeal from an order of the Family Court of Warren County
(Breen, J.), entered November 27, 2013, which partially granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, for modification of a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2002).
Pursuant to a 2012 order of custody, which was incorporated but
not merged into the parties' judgment of divorce, the parties
were awarded joint legal custody of the child with essentially
equal parenting time.  Following the parties' divorce, the mother
and her adult son from another relationship moved in with Joann

Finn, now the mother's spouse, and Finn's adult daughter, Ellen, the latter of whom has a lengthy history of mental health issues.

In June 2013, during the course of what the mother described as the "random act of a delusional child," Ellen assaulted the mother from behind – striking her in the head with a broom handle as she was performing yard work. Shortly thereafter, the father, believing that Ellen posed a threat to the parties' child, commenced this modification proceeding by order to show cause seeking, among other things, a temporary order removing the child from the mother's home pending the development of a safety plan and a stay-away order of protection against Ellen and in favor of the child. Family Court, among other things, granted the requested relief and, following a hearing on the order to show cause, approved a limited visitation schedule for the mother, provided that such visitations not take place at the mother's residence.

The father, who resided with his adult son from a prior relationship and his son's girlfriend, thereafter filed an amended petition seeking, among other things, sole legal and physical custody of the child. Following a hearing, Family Court made minor modifications to the prior order of custody – directing that the child have no unsupervised contact with Ellen and that he not be compelled to engage in any family counseling that involved Ellen – but otherwise continued the joint legal and shared physical custody arrangement previously in place. This appeal by the father ensued.

"A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child[]'s best interests" (Matter of Palmatier v Carman, 125 AD3d 1139, ___, 2015 NY Slip Op 01498, *1 [2015] [internal quotation marks and citations omitted]; see Matter of Sherwood v Barrows, 124 AD3d 940, 940 [2015]). As noted previously, Ellen has a long history of mental illness, and the record reflects that, in the months preceding her June 2013 attack upon the mother, she engaged in a series of acts – some of which were directed toward the mother and/or involved violence – that required police intervention. Although the child apparently

did not witness any of these incidents, he was present in the mother's household on the day that she was attacked by Ellen with the broom handle and, given the chaotic conditions then existing in the mother's household, we are satisfied that the father demonstrated a sufficient change in circumstances to trigger a best interests analysis (see Matter of Clark v Hart, 121 AD3d 1366, 1367 [2014]).

As to the disposition fashioned by Family Court, "[t]he primary concern in any custody matter is, of course, the best interests of the child[] and, to that end, Family Court must give due consideration to, among other things, each parent's ability to furnish and maintain a suitable and stable home environment for the child[], past performance, relative fitness, ability to guide and provide for the child[]'s overall well-being and willingness to foster a positive relationship between the child[] and the other parent" (Matter of Palmatier v Carman, 2015 NY Slip Op 01498 at *1 [internal quotation marks and citations omitted]; see Matter of Lawrence v Kowatch, 119 AD3d 1004, 1005 [2014]; Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348-1349 [2014], lv dismissed and denied 24 NY3d 937 [2014]).  In considering such factors, Family Court's factual findings and credibility determinations are entitled to deference (see Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1052 [2014]; Matter of Brown v Brown, 88 AD3d 1174, 1175 [2011]), particularly where, as here, Family Court was well acquainted with the parties. Applying these principles to the matter before us, we find that Family Court's determination, which largely continued the existing custody arrangement while providing certain safeguards for the child, is supported by a sound and substantial basis in the record.

Initially, we have no quarrel with Family Court's decision to continue the award of joint legal custody.  Despite the parties' apparently litigious history and differing perspectives on the child's need for counseling, nothing in the record suggests that their "relationship has deteriorated to the point where they are unable to maintain even a modicum of communication and cooperation for the sake of their child" (Matter of Dornburgh v Yearry, 124 AD3d 949, 951 [2015] [internal quotation marks and citation omitted]).  To the contrary, the mother and the father

have demonstrated both an ability to work in a cooperative fashion consistent with the child's best interests and a willingness to foster the child's relationship with the other parent.

As to the continuation of the shared physical custody arrangement, the record reveals that Family Court was presented with two fit and loving parents, each of whom worked full time and, notably, resided in a household with an adult child from a prior relationship with mental health or behavioral issues. Although the father's concerns for the child's safety in the mother's home were understandable, Family Court received extensive testimony from the mother, her wife and Ellen's mental health professionals detailing Ellen's current medication and treatment plan, Ellen's behavior in the household since the June 2013 incident and the safety plan that was instituted following that event. According to both the mother and her wife, Ellen did not experience any violent or delusional episodes after her medication was adjusted in July 2013, and the record reflects that, as of the time of the hearing, Ellen was in compliance with her treatment mandates. Additionally, Ellen's therapist did not view Ellen as posing a threat to the general public and specifically testified that Ellen "never made any kind of threatening comments or comments at all about the [child]." Under these circumstances, and granting due deference to Family Court's factual and credibility findings, we are satisfied that its decision to continue shared physical custody of the child has a sound and substantial basis in the record and, overall, is in the child's best interests. Accordingly, the underlying order is affirmed.

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court