Peters, P.J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 13, 2013, which *1287 dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2001 and 2002). In 2008, the parties stipulated to an order providing sole custody of the children to the mother and supervised parenting time every weekend to the father. In 2013, the father commenced this proceeding seeking to modify the prior custody order by awarding him unsupervised parenting time and joint custody of the children. Following a fact-finding hearing, Family Court found that the father failed to establish a sufficient change in circumstances to warrant modification of the prior custody order and dismissed the petition. The father now appeals.
We affirm. The party seeking to modify an existing custody order “must demonstrate a sufficient change in circumstances since the entry of the prior order so as to justify a modification of that order to serve the child [ren]’s best interests” (Matter of Sherwood v Barrows, 124 AD3d 940, 940 [2015]; see Matter of Dornburgh v Yearry, 124 AD3d 949, 950 [2015]). It is well settled that “Family Court’s findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Trimble v Trimble, 125 AD3d 1153, 1154 [2015] [internal quotation marks and citation omitted]; see Matter of Colona v Colona, 125 AD3d 1123, 1124 [2015]; Matter of Adams v Robertson, 124 AD3d 946, 947 [2015]).
Here, the record reflects that, since the entry of the prior custody order, the father’s sister has supervised his visitations with the children. The father testified that he has sufficiently recovered from a disability due to a traumatic brain injury such that he should be awarded unsupervised parenting time. Family Court, however, found that the father’s testimony and conduct in court revealed insufficient improvement to constitute a change in circumstances. Accepting Family Court’s credibility determination (see Matter of Trimble v Trimble, 125 AD3d at 1154; Matter of Cid v DiSanto, 122 AD3d 1094, 1096 [2014]), we find that the father failed to establish a sufficient change in circumstances warranting modification of the prior custody order (see Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]; Matter of Scott LL. v Rachel MM., 98 AD3d 1197, 1198 [2012]).*
Finally, Family Court was well within its discretion to *1288 exclude the father from the courtroom during a portion of the mother’s testimony after he disregarded numerous warnings to cease his disruptive conduct.
Garry, Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.

 To the extent that the father contends that the proof regarding the progress that he has made addressing his anger issues and traumatic brain *1288 injury establishes a sufficient change in circumstances, the record supports Family Court’s finding that such testimony was incredible, erratic and inconsistent.