*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 7, 2016                    520653
_____

In the Matter of DESIREE
    BARROWS,
                        Appellant,
            v                                   MEMORANDUM AND ORDER

HARVEY SHERWOOD,
                        Respondent.
_____

Calendar Date:    February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                        _____

        Pamela B. Bleiwas, Ithaca, for appellant.

        Jessica C. Eggleston, Johnson City, for respondent.

        Susan B. McNeil, Ithaca, attorney for the child.

                        _____

Rose, J.

        Appeal from an order of the Family Court of Tompkins County
(Cassidy, J.), entered January 29, 2015, which partially
dismissed petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a son (born in 2004).
In May 2013, Family Court (Sherman, J.) awarded sole custody to
the father, with liberal visitation to the mother.  On appeal, we
affirmed the custody award (Matter of Sherwood v Barrows, 124
AD3d 940 [2015]).  In so doing, we agreed with Family Court's
assessment that the mother created instability in the child's
living arrangements and schooling, and disregarded the father's

visitation rights.  Less than nine months after Family Court's May 2013 order, the mother commenced this custody modification proceeding seeking sole custody of the child on the ground that the father was failing to address the child's schooling difficulties, hygiene issues and health needs.  Following fact-finding and Lincoln hearings, Family Court (Cassidy, J.) granted the mother increased visitation, but continued the father's sole custody of the child.  The mother now appeals.

Family Court initially found that most of the mother's arguments did not constitute a sufficient change in circumstances to warrant modification of the prior order.  Indeed, the record makes clear that the child's poor performance in school predates the May 2013 order and that there has been no marked change in his overall physical health since then.  However, the court did find a change in circumstances due to the child's "increasingly concerning" troubles with nighttime incontinence and other toileting issues.  As the parties do not dispute these findings, the only issue is whether continuing sole custody in favor of the father is in the child's best interests.  "A best interests analysis involves the examination of several factors, including 'the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[ ] and foster a relationship with the other parent'" (Matter of Blagg v Downey, 132 AD3d 1078, 1079 [2015], quoting Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]).  In reviewing Family Court's order, "[w]e accord great deference to [its] factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]; see Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1052 [2014]).

Here, the record establishes that, at a minimum, the father is no less capable of providing stability for the child than when he was granted sole custody in May 2013.  He continues to hold a steady job and now jointly owns a home with his girlfriend.  A Tompkins County Department of Social Services caseworker testified that she visited the home and found it to be a safe and

appropriate environment for the child.  Although the child
continues to struggle in school, there is ample evidence that the
father, his girlfriend and his mother all are proactive in their
efforts to assist the child with his academic performance.  As
for the child's alleged hygiene and toileting issues, the
evidence revealed that appropriate steps had been taken to
address these concerns and, significantly, both parents testified
that the child was having fewer issues in that regard.

Although it appears, as Family Court pointed out, that the
mother's circumstances have improved, she conceded that an award
of sole custody to her would require the child to move to a new
school district in a different county, an especially concerning
disruption in light of the child's current academic difficulties.
The record also reflects that awarding custody to the mother may
negatively impact the child's relationship with the father, as
the mother has disparaged the father in the child's presence when
discussing visitation and has, on occasion, created difficulties
for the father related to the weekly exchange of the child.
Finally, while the child's wishes are to be taken into account,
the caseworker's testimony that he expressed a preference to live
with the mother is not dispositive (see Matter of Lawton v
Lawton, 136 AD3d 1168, 1169 [2016]; Matter of Rivera v LaSalle,
84 AD3d 1436, 1438 [2011]).  In any event, the caseworker's
testimony suggests that the child's preference was based, in
part, upon the mother's ability to provide the child with
luxuries that the father cannot afford.  Based upon our review of
the record as a whole, we find that the evidence provides a sound
and substantial basis for Family Court's determination that
continuing sole custody with the father is in the child's best
interests.

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court