Rose, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered April 3, 2015, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a daughter (born in 2002). Pursuant to a February 2014 order, the parents shared joint legal custody of the child and the mother was awarded physical custody. The order also prohibited the mother from consuming alcohol 24 hours before or during custodial periods and required her to ensure that her ex-boyfriend—who had been charged with sexually assaulting the child—did not have any contact with the child. In August 2014, the father commenced the first of these proceedings seeking to enforce the prior order, alleging that the mother had consumed alcohol during her custodial period and allowed her ex-boyfriend to have contact with the child. The father then filed a modification petition seeking sole legal and physical custody for the same reasons. Two months later, the father filed another modification petition, adding that the mother had attempted to commit suicide. Following fact-finding and Lincoln hearings, Family Court, as is relevant here, awarded the father sole legal and physical custody and provided a schedule of parenting time to the mother. The mother now appeals.
We cannot agree with the mother’s contention that the father failed to establish a change in circumstances warranting a review of the issue of custody. The father’s proof established that, after the ex-boyfriend was charged with sexually abusing the child, the mother allowed him into her home following an evening of consuming alcohol together. When the father dropped the child off at the mother’s home following visitation, the child discovered the ex-boyfriend there and immediately returned to the father’s vehicle. The local social services agency investigated this incident and indicated a report of inadequate guardianship against the mother. In addition to this incident, in October 2014, the child and the maternal grandmother found the mother unresponsive after she had overdosed on a combination of alcohol and prescription medication. They also found the mother’s note written to the child and stating that the child was “better off without [her].” Based on these facts, the *1419 father established a change in circumstances warranting an inquiry into the best interests of the child (see Matter of Gerber v Gerber, 141 AD3d 901, 902 [2016]; Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137 [2016]; Matter of Nephew v Nephew, 45 AD3d 1194, 1195 [2007]).
Turning to Family Court’s award of physical custody, we note that Family Court found that the mother was not credible based upon her attempts to, among other things, deny and minimize the events that led to these proceedings. Our review of the record confirms that the mother has steadfastly denied that she attempted to commit suicide, minimized the extent of her alcohol consumption and refused recommendations to attend an inpatient rehabilitation program. The record further reflects that the mother has tried to rationalize her problematic behavior, as evidenced by the fact that, when questioned about welcoming the ex-boyfriend into her home in August 2014, she defended herself by saying that the child was not supposed to be home that day.
In contrast, Family Court found that the father’s testimony was “highly credible” and that he was the parent who was more likely to foster a positive relationship between the child and the noncustodial parent. In addition, the record reflects that the father has a safe and stable home environment, and he testified that, although he understood that his request for physical custody went against the child’s wishes, her safety was his primary concern. Significantly, during the pendency of these proceedings, the child was hospitalized for cutting herself, thus making the need for stability in her life more apparent. We note that, while the child’s wishes are to be taken into account, her preference to reside with the mother, as expressed by the attorney for the child, is not dispositive (see Matter of Barrows v Sherwood, 138 AD3d 1195, 1197 [2016]; Matter of Seeley v Seeley, 119 AD3d 1164, 1167 [2014]). Thus, after reviewing the record, including the Lincoln hearing, and according deference to Family Court’s credibility determinations and factual findings (see Matter of Andrew L. v Michelle M., 140 AD3d 1240, 1241 [2016]), we find that the award of physical custody to the father is supported by a sound and substantial basis in the record (see Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1008-1009 [2016]; Matter of Fish v Fish, 100 AD3d 1049, 1050 [2012]).
We reach a different conclusion as to Family Court’s award of sole legal custody to the father in light of the testimony at the hearing establishing that both parents communicate effectively with each other and have been able to mutually agree *1420 on visitation times for the mother. Upon our review of the record, we find that it lacks evidence suggesting that the parents’ “relationship has deteriorated to the point where they are unable to maintain even a modicum of communication and cooperation for the sake of their child” so as to preclude an award of joint legal custody (Matter of Bailey v Blair, 127 AD3d 1274, 1276 [2015] [internal quotation marks and citations omitted]; see Matter of Stephen G. v Lara H., 139 AD3d 1131, 1134-1135 [2016], lv denied 27 NY3d 1187 [2016]). We have reviewed the mother’s additional arguments and find them to be lacking in merit.
Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded sole legal custody of the child to petitioner; petitioner and respondent are awarded joint legal custody; and, as so modified, affirmed.