Aarons, J.
 

 Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 6, 2015, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
 

 Petitioner (hereinafter the mother) and respondent Timothy Perry (hereinafter the father) are the parents of a child (born in 2012). Since the child’s birth, the child has resided with respondents Robbin Smith and Diana Short, two acquaintances of the father. Pursuant to a 2013 order, Smith and Short have physical custody of the child and, as relevant here, the mother has supervised parenting time with the child at times as could be agreed between the mother and Smith and Short. The mother commenced this proceeding to modify the 2013 order by seeking increased and unsupervised visitation with the child. Following a hearing, Family Court found that the mother failed to show a change in circumstances and dismissed the petition. The mother now appeals. We affirm.
 

 The mother, as the party seeking modification of a prior visitation order, bears the initial burden of showing a change in circumstances since the entry of such order and, if this burden is satisfied, then show that the best interests of the child would be served by modifying the prior order (see Matter of Rehman v Sheikh, 152 AD3d 910, 911-912 [2017]; Scott Q. v Joy R., 151 AD3d 1206, 1207 [2017], lv denied 29 NY3d 919 [2017]; Matter of Tina RR. v Dennis RR., 143 AD3d 1195, 1197 [2016]). While the mother premised her modification petition on her attendance at the domestic violence and parenting classes as required by the 2013 order, Family Court found that the mother did not benefit from those courses and that she had not acted “age appropriately with [the] child.” In this regard, Smith testified that the mother would not interact much with the child during supervised visits and rather would be drawn to the television. Smith described an incident in which the mother was playing with her phone while the child started running towards the road and that Smith had to yell at the mother to catch him. Short also recounted that in one instance, the mother held the child down with her leg across him because the child would not let her read to him. Short stated that during one visitation at a parenting center, the mother slept for 45 minutes while the child played with other children. The mother was also dealing with mental health issues and she testified that she suffered from grand mal seizures. The mother acknowledged that if she had unsupervised visitation with the child, she would need someone to check in on her because of her seizures, which could occur at any time. Smith likewise testified that visitation was supervised primarily because of the mother’s seizures. Short expressed safety concerns about the mother’s seizures given the child’s young age and the fact that mother did not know when a seizure could occur. In addition, although the mother sought unsupervised visitation at her house, she had a bed bug problem. Smith stated that the bed bug issues persisted throughout 2014, which was one reason why supervised visitation could no longer take place there. Short also testified that visitations at the mother’s home stopped because she invited a prostitute and her daughter to move in with her.
 

 Based on the foregoing, we conclude that Family Court did not err in finding that the mother failed to show a change in circumstances since the entry of the 2013 order (see Matter of Gilbert v Gilbert, 128 AD3d 1286, 1287 [2015]; Matter of Trimble v Trimble, 125 AD3d 1153, 1154-1155 [2015]; Matter of Fish v Fish, 112 AD3d 1161, 1161-1162 [2013]). Family Court found that, even though the mother “ha[d] made some inroads,” she still had mental health issues. Family Court took particular note of the mother’s persistent bed bug problem, her potential for seizures and the fact that she allowed a prostitute to move in with her and stated that the mother failed to present credible evidence of a stable home environment for unsupervised visitation with the child. Family Court also credited the testimony of Smith and Short and noted that they have given the child stability and structure. Inasmuch as we accord deference to Family Court’s findings and assessment of the witnesses’ credibility, the court’s determination is supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Eller v Eller, 126 AD3d 1242, 1243 [2015]; Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143 [2011]). We also note that even if the mother had carried her burden of establishing a change in circumstances, the record discloses that modification of the 2013 order would not be in the best interests of the child.
 

 Egan Jr., J.P., Lynch, Rose and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.