Matter of Heather U. v Janice V. (2018 NY Slip Op 02515)





Matter of Heather U. v Janice V.


2018 NY Slip Op 02515


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

524548

[*1]In the Matter of HEATHER U., Appellant,
v
JANICE . et al., Respondents. (And Three Other Related Proceedings.)

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Michelle I. Rosien, Philmont, for appellant.
Robert C. Kilmer, Binghamton, for Janice V., respondent.
Norbert A. Higgins, Binghamton, for John W., respondent.
Irene C. Graven, Owego, attorney for the child.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered January 26, 2017, which, among other things, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent John W. (hereinafter the father) are the parents of a child born in 2009. The child, either alone or with the mother, has resided with respondent Janice V. (hereinafter the great-grandmother) for a substantial portion of his life. In March 2016, Family Court
found that the great-grandmother had shown the existence of extraordinary circumstances and issued an order awarding the mother and the great-grandmother joint legal custody of the child, with the great-grandmother to have primary physical placement and the mother specified visitation. Upon the mother's appeal, this Court affirmed (Matter of Heather U. v Janice V., 152 AD3d 836 [2017]).
Four petitions were filed by the parties soon after Family Court's March 2016 order. The two at issue here are modification petitions, filed by the mother in May and September 2016, in which she sought an award of sole legal and physical custody. Following a fact-finding [*2]hearing, Family Court determined that the mother had failed to show the requisite change in circumstances and dismissed her petitions. The mother now appeals.
We affirm. As the party seeking modification of the March 2016 order, it was incumbent upon the mother to demonstrate a change in circumstances since the entry of that "order and, if this burden is satisfied, then show that the best interests of the child would be served by modifying" it (Matter of Bar v Short, 155 AD3d 1357, 1357-1358 [2017]; see Matter of Rehman v Sheikh, 152 AD3d 910, 911-912 [2017]). To that end, the mother alleged that the great-grandmother was refusing to inform and include the mother in the child's school, medical and extracurricular affairs, that the great-grandmother was not meeting the child's needs and that the mother had established a stable living and work situation that permitted her to care for the child.
Notwithstanding the mother's concerns, the record indicates that the great-grandmother has provided adequate care for the child. The mother, in contrast, continues to complain "that no one [will] give her information about the child" despite her being "entitled to seek and obtain both medical and educational records at any time" (Matter of Heather U. v Janice V., 152 AD3d at 839-840). The mother was likewise capable of learning details about the child's activities and appointments, but made half-hearted efforts to do so and rarely attended them. She took no responsibility for this and instead blamed the great-grandmother
for not providing information, but acknowledged that she refused to talk to the great-grandmother and spurned invitations to participate in family activities. The child was exposed to the mother's hostility toward the great-grandmother in other ways as well, most notably with the mother's mean-spirited practice of taking him to the great-grandmother's residence for his half sister's custodial transfer, then taking him back to the mother's residence and forcing the great-grandmother to retrieve him there 30 minutes later. Family Court found from all of this that, despite the mother having made "some effort to engage herself" since the issuance of the March 2016 order, the scattershot efforts and her damaging mistreatment of the great-grandmother did not leave "the impression that she [had become] able to properly care for the child's needs." Thus, according deference to the findings and credibility assessments of Family Court, we perceive a sound and substantial basis in the record for its determination that the mother failed to meet her threshold burden of establishing a change in circumstances (see Matter of Barrows v Sherwood, 138 AD3d 1195, 1197 [2016]; Matter of Renee TT. v Britney UU., 133 AD3d 1101, 1105-1106 [2015]; Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.