Matter of Joshua KK. v Jaime LL. (2022 NY Slip Op 02847)

Matter of Joshua KK. v Jaime LL.

2022 NY Slip Op 02847

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

533144
[*1]In the Matter of Joshua KK., Respondent,
v
Jaime LL., Respondent. Attorney for the Child, Appellant.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Carman Garufi, Binghamton, attorney for the child, appellant.
Christopher Hammond, Cooperstown, for Joshua KK., respondent.

Aarons, J.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered February 17, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2010). Pursuant to a January 2019 order, the mother had sole legal and physical custody of the child, with the father having parenting time on Sundays for eight hours. In January 2020, the father commenced this proceeding to modify the January 2019 order. A fact-finding hearing and a Lincoln hearing ensued, after which Family Court granted the petition and awarded the father additional parenting time, including overnight visits.[FN1] The attorney for the child appeals. We reverse.
The father, as the party seeking modification of a prior custody order, had the threshold burden of showing a change in circumstances since the entry of that prior order so as to trigger an examination as to whether modification would serve the child's best interests (see Matter of Rehman v Sheikh, 152 AD3d 910, 911-912 [2017]; Matter of Gilbert v Gilbert, 128 AD3d 1286, 1287 [2015]). As a change in circumstances, the father alleged in the petition that he wanted more parenting time with the child so that they could participate in more activities. The father likewise testified at the hearing about the activities that he engaged in with the child during his parenting time and what he would do with her if given more parenting time.
Family Court found that a change in circumstances existed — namely, that the father wanted to have a closer relationship with the child and the amount of parenting time provided in the January 2019 order was insufficient to develop that relationship. Even crediting the father's testimony, the father's mere dissatisfaction with the amount of parenting time provided in the January 2019 order and the desire for more time do not constitute a change in circumstances (see Matter of Clinton v Backus, 160 AD3d 1073, 1075 [2018]; Matter of Scott LL. v Rachel MM., 98 AD3d 1197, 1198 [2012]; Matter of Gridley v Syrko, 50 AD3d 1560, 1561 [2008]). Furthermore, the record fails to show any "new developments or changes that have occurred since the [January 2019] order was entered" (Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1408 [2019] [internal quotation marks, brackets and citation omitted], lv denied 34 NY3d 902 [2019]). Accordingly, because the father did not satisfy his threshold burden of establishing a change in circumstances, the modification petition should have been dismissed (see Matter of Gridley v Syrko, 50 AD3d at 1561; Matter of Chase v Benjamin, 44 AD3d 1130, 1131-1132 [2007]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: Family Court's decision referenced the child's views and we take this opportunity to reiterate that "a child's right to confidentiality during a Lincoln hearing is of paramount concern and Family Court should, in the future, ensure that what transpires during the course thereof remains confidential" (Matter of John VV. v Hope WW., 163 AD3d 1088, 1091 n [2018] [internal quotation marks and citations omitted]).