Matter of David ZZ. v Amanda YY. (2023 NY Slip Op 01122)

Matter of David ZZ. v Amanda YY.

2023 NY Slip Op 01122

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

535105 
[*1]In the Matter of David ZZ., Appellant,
v
Amanda YY., Respondent. (And Another Related Proceeding.)

Calendar Date:January 10, 2023 

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ. 

Todd G. Monahan, Schenectady, for appellant.
Alexandra G. Verrigni, Rexford, attorney for the children.

Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Lisa W. Lorman, J.), entered February 7, 2022, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2013 and 2016). Pursuant to a 2019 custody order, the mother had sole custody of the children, with the father having supervised or therapeutic visitation with the children.[FN1] The father filed an amended petition in January 2021, seeking modification of the 2019 order. Following a hearing, Family Court, as relevant here, dismissed the petition. The father appeals.
The father, as the party seeking modification of a prior custody order, bore the initial burden of demonstrating a change in circumstances since the entry of such custody order so as to warrant an analysis of whether modification would serve the best interests of the children (see Matter of Kenneth N. v Elizabeth O., 209 AD3d 1133, 1134 [3d Dept 2022]; Matter of Karen Q. v Christina R., 184 AD3d 987, 989 [3d Dept 2020]).[FN2] The father first argues that the COVID-19 pandemic was a change in circumstances. This argument, however, is improperly raised for the first time on appeal (see Matter of Castillo v Luke, 63 AD3d 1222, 1223 [3d Dept 2009]). The father also argues as a change in circumstances that, once the agency that was supervising his visits with the children stopped allowing in-person visitations at its location, the mother was uncooperative in finding an alternative location or other supervisors and that he was being "stonewalled" by the mother. The mother, however, testified as to her diligence and efforts in finding a new supervisor and also testified that the father was being uncooperative — testimony that Family Court credited. Deferring to the court's credibility determination (see Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022]), the father did not prove a change in circumstances since the 2019 order. As such, the modification petition was correctly dismissed (see Matter of Bar v Short, 155 AD3d 1357, 1358-1359 [3d Dept 2017]; Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [3d Dept 2012]).
Finally, the father's claims that counsel for the mother raised baseless objections and that Family Court lost control of the proceedings are without merit. The father's argument that a mistrial should have been declared based upon perceived prejudicial testimony elicited by the mother's counsel is unpreserved in the absence of a request for such relief (see Matter of Adam MM. v Toni NN., 124 AD3d 955, 957 [3d Dept 2015]). The father's remaining contentions have been considered and are unavailing.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Upon the father's appeal, the 2019 order was affirmed (see Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125 [3d Dept 2021], lv denied 38 NY3d 908 [2022]).
Footnote 2: Family Court found that the father's completion of an online parenting class was insufficient to constitute a change in circumstances. To the extent that the father's brief could be construed as challenging this finding, such claim is without merit (see Matter of Beers v Beers, 163 AD3d 1197, 1198 [3d Dept 2018]).